KEY BANK OF MAINE

v.

PARK ENTRANCE MOTEL et al.

Supreme Judicial Court of Maine.

Argued March 18, 1994.
Decided April 21, 1994.

**212**

Jana S. Stabile (orally), Michael S. Haenn, Bangor, for plaintiff.

Stephen P. Beale (orally), Skelton, Taintor & Abbott, Auburn, for defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN and CLIFFORD, JJ.

ROBERTS, Justice.

Park Entrance Motel, Main Street Associates, the M.O.M. Corporation, Robert W. Macomber, Jr., and Robert J. DeSimone appeal from a judgment entered in the Superior Court (Hancock County, *Marsano, J.*) granting a summary judgment in favor of Key Bank of Maine on three counts of its eleven-count complaint and certifying those judgments as final pursuant to M.R.Civ.P. 54(b). The motel and the other defendants argue that certifying the judgments was an abuse of discretion because the court failed to consider their counterclaim and their pending motion for a summary judgment, their affirmative defenses to the bank's charges, and the "large amount of money" under the court's control, the disposition of which has yet to be determined. Because the record before us contains no explanation of the court's decision, we dismiss the appeal without reaching the merits.

Rule 54(b) requires a trial court to make an express determination that there is no just reason to delay the entry of a final judgment on a claim. Merely reciting the language of the rule is insufficient, however, because it does not provide the appellate court with a basis for review. *Cole v. Peterson Realty, Inc.*, 432 A.2d 752, 757 (Me.1981). The trial court must submit a brief, reasoned statement explaining its decision. *Fleet Bank of Maine v. Hoff*, 580 A.2d 690, 691 (Me.1990).

Several factors are pertinent to a Rule 54(b) determination that there is no just reason for delay. They include the relationship between adjudicated and unadjudicated claims, the likelihood that the reviewing court will face the same issues more than once, the possibility that future action by the trial court will render moot the need for review, whether immediate appeal will expedite the trial process, and miscellaneous factors such as the *res judicata* effect of a final judgment and economic and solvency considerations. *Durgin v. Robertson*, 428 A.2d 65, 68 (Me.1981).

The court's order directing the entry of a final judgment for the bank included neither an explanation nor a disposition of the counterclaim. The reasons for certification are by no means apparent, and neither we nor the trial court should be compelled to comb through the record searching for what might be deemed valid grounds for the entry of a final judgment. A brief, reasoned statement is especially critical in cases such as this one, in which there is a counterclaim or the possibility of a set-off. The burden is on the party moving for the entry of a final judgment to supply the court with factual and legal support for its motion. *See Your Home, Inc. v. City of Portland*, 432 A.2d 1250, 1257 (Me.1981) (appellant bears initial responsibility to prepare and file a sufficient appendix).

Although the bank did supply the court with a memorandum, we are nonetheless reluctant to ascribe the reasoning contained therein to the court's decision. First, the existence of cross-claims among defendants is of no relevance to the court's consideration

of a motion for the entry of a final judgment. Similarly immaterial is the bank's contention that delaying the foreclosure action sought in one of the three counts will increase its mortgage claim and decrease the potential surplus for junior lienholders. The fact that the three counts in question are wholly separate from the other eight is not dispositive. Moreover, the bank's contention that the counterclaim is legally and factually insufficient may be a ground for dismissal of the counterclaim, not certification pursuant to Rule 54(b). *See* M.R.Civ.P. 41.

In these circumstances, the court abused its discretion in entering a final judgment. *Dravo Corp. v. Regional Waste Sys., Inc.,* 632 A.2d 141, 142 (Me.1993); *see, e.g., Pahlavi v. Palandjian,* 744 F.2d 902 (1st Cir.1984); *Allis–Chalmers Corp. v. Philadelphia Elec. Co.,* 521 F.2d 360 (3d Cir.1975); 10 Charles A. Wright *et al., Federal Practice and Procedure* § 2659 (1983 and Supp.1993). Accordingly, we dismiss the appeal for the lack of a final judgment.

The entry is:

Appeal dismissed.

Remanded for proceedings consistent with the opinion herein.

All concurring.