CITICORP MORTGAGE, INC.

v.

A. Daniel KENEBORUS et al.

Supreme Judicial Court of Maine.

Argued March 18, 1994.

Decided May 4, 1994.

Jonathan M. Flagg (orally), Portsmouth, NH, for plaintiff.

Thomas Danylik (orally), Woodman & Edmands, P.A., Biddeford, for defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS,* RUDMAN and DANA, JJ.

GLASSMAN, Justice.

A. Daniel Keneborus and Kathleen M. Keneborus appeal from a summary judgment entered in the District Court (Biddeford, *Janelle, J.*)[1] in favor of the plaintiff, Citicorp Mortgage, Inc., on its complaint for foreclosure and sale following the District Court's certification of the judgment as final pursuant to M.R.Civ.P. 54(b). We agree with the Keneboruses' contention that the judgment was not properly certified as final, and accordingly, we dismiss the appeal without reaching the merits.

On March 15, 1990, the Keneboruses executed a promissory note payable to Citibank (Maine), N.A. and secured by a mortgage of their property located in Dayton. After Citibank assigned its interest in the note and mortgage to Citicorp, the Keneboruses defaulted on their loan obligations and Citicorp accelerated the unpaid balance on the promissory note.

By a complaint dated March 26, 1993, Citicorp commenced the instant action in the District Court seeking foreclosure of the subject mortgage, sale of the Keneboruses' property, and a deficiency judgment against the Keneboruses. In their answer, the Keneboruses raised as affirmative defenses, *inter alia,* Citibank's violations of federal truth-in-lending laws and the Maine Consumer Credit Code. Citicorp filed a motion for a summary judgment, and thereafter, the Keneboruses moved to amend their answer to include counterclaims for Citibank's alleged violations of (1) the federal Truth in Lending Act, 15 U.S.C.A. §§ 1601 to 1667e (1982 & West Supp.1994), (2) the Maine Consumer Credit Code, 9-A M.R.S.A. §§ 1-101 to 11-121 (1980 & Supp.1993), and (3) the Maine Unfair Trade Practices Act, 5 M.R.S.A. §§ 205-A to 214 (1989 & Supp.1993). By their proposed counterclaims, the Keneboruses sought, *inter alia,* rescission of the transaction, avoidance of the security interest, and damages.

While the Keneboruses' motion to amend their answer was pending, the court after a hearing[2] entered a summary judgment of foreclosure and sale in favor of Citicorp. The court also "determined that there is no just reason for delay in the entry of such judgment commencing the ninety (90) day period of redemption" and granted Citicorp's motion for the entry of a final judgment pursuant to M.R.Civ.P. 54(b).[3] The Keneboruses filed a timely notice of appeal. Thereafter, the District Court granted the Keneboruses' motion to amend their answer and denied Citicorp's motion to dismiss the counterclaims.

■ We note at the outset that although the Keneboruses filed their motion to amend their answer to set forth counterclaims prior

---

* Collins, J., sat at oral argument and participated in the initial conference but retired before this opinion was adopted.

1. An appeal from a judgment entered in the District in an action of foreclosure and sale must be brought directly to this court. 14 M.R.S.A. § 1901 (Supp.1993); *McNamara v. Elbthal,* 515 A.2d 747, 748 (Me.1986).

2. The parties have not provided this court with a record of that hearing.

3. Rule 54(b) provides, in pertinent part:

[W]hen more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction any order or other form of decision ... which adjudicates *less than all of the claims or the rights and liabilities of less than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.*

to the hearing on Citicorp's motion for a summary judgment, no action was taken on the motion to amend until after the court granted a summary judgment in favor of Citicorp and certified that judgment as final. As we have recently stated, "[c]onsiderations of finality and judicial economy suggest that the better practice would have been for the trial court to dispose of the pending Rule 15(a) motion prior to granting ... a summary judgment...." *Glynn v. City of S. Portland*, 640 A.2d 1065, 1067 (Me.1994).

■■■ Maine Rule of Civil Procedure 54(b) requires that a final judgment as to fewer than all claims of the parties can be entered "only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." We have previously stated that the mere recital of the language of Rule 54(b) is insufficient to provide the appellate court with a basis for review. The court "must submit a brief, reasoned statement explaining its decision." *Key Bank of Maine v. Park Entrance Motel*, 640 A.2d 211, 212 (Me. 1994). We also noted that "[t]he burden is on the party moving for the entry of a final judgment to supply the court with factual and legal support for its motion." *Id.* Here, the court directed the entry of a final judgment in favor of Citicorp stating only that "there is no just reason for delay in the entry of such judgment commencing the ninety (90) day period of redemption...."[4] Although the court equates delay in the commencement of the statutory period of redemption with delay in the entry of a final judgment, it offers no reason why delay in either respect should be avoided. Any reasonable basis for certification as a final judgment is far from apparent in light of the fact that the counterclaims asserted by the Keneboruses seek, *inter alia,* to rescind the very transaction on which Citicorp's complaint was based. "A brief, reasoned statement is especially critical in cases such as this one, in which there is a counterclaim or the possibility of a set-off."

*Id.* Accordingly, we dismiss the appeal for lack of a final judgment.

The entry is:

Appeal dismissed.

Remanded for further proceedings consistent with the opinion herein.

All concurring.

---

**4.** The court was apparently referring to the statutory period of redemption set forth in 14 M.R.S.A. § 6322 (Supp.1993). Section 6322 provides, in part: "On mortgages executed on or after October 1, 1975, the period of redemption shall be 90 days from the date of the judgment.... [T]he redemption period shall begin to run upon the entry of the judgment of foreclosure, provided that no appeal is taken."