2002 ME 69

**Linda A. BATES**

v.

**ECKHARDT TELECOMMUNICATIONS, INC., et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs: March 26, 2002.

Decided: April 18, 2002.

Wayne P. Doane, Exeter, for plaintiff.

Mary F. Kellogg, Esq., Frederick J. Badger Jr., Richardson, Whitman Large & Badger, P.C., Bangor, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

SAUFLEY, C.J.

[¶ 1] Linda Bates appeals from the judgment of the District Court (Bangor, *Gunther J.*) granting a summary judgment in favor of Eckhardt Telecommunications, Inc. Bates argues that jury questions exist regarding whether an agency relationship existed and whether the company's foreman negligently entrusted the company vehicle to an employee. We dismiss this appeal for lack of a final judgment.

## I.  BACKGROUND

[¶ 2] The following facts are set forth in the parties' M.R. Civ. P. 56 statements of material facts.  In October of 2000, a car driven by Thomas Hafford collided with a car driven by Linda Bates.  Hafford was employed by Eckhardt Telecommunications and was driving a company vehicle. Hafford did not have a valid driver's license and he had been told by Dane Eckhardt, owner of Eckhardt Telecommunications, at the time he was hired that he was prohibited from driving any company vehicles.

[¶ 3] On the morning of the accident, Hafford visited the home of his foreman,

Edward Pak. Pak later left his home to go to the coast for the day, thinking that Hafford was going to stay for a while and be picked up by a friend. Eckhardt had assigned Pak a company vehicle to use solely for company business. When Pak left for the day, he left the company vehicle at home and the keys to the vehicle on the kitchen counter. Although Pak did not give Hafford permission to use the vehicle, Hafford drove away from Pak's home in the Eckhardt vehicle. Hafford was driving that vehicle when the collision occurred.

[¶ 4] Bates filed suit against Eckhardt Telecommunications and Hafford. After a default was entered against Hafford, Eckhardt filed a motion to continue the hearing on damages until either Eckhardt's motion for summary judgment was granted or a trial was completed. The District Court granted Eckhardt's motion to continue and subsequently granted a summary judgment in favor of Eckhardt. Bates filed a notice of appeal, which was rejected by the Clerk of the Law Court as interlocutory because a hearing on Hafford's damages had not been held. Eckhardt then filed a motion for final judgment, which the court granted in a one-sentence order prepared by Eckhardt's counsel. This appeal followed.

## II. DISCUSSION

[¶ 5] In general, appellate review is not available until a judgment becomes final. *In re Adoption of Matthew R.*, 2000 ME 86, ¶ 4, 750 A.2d 1262, 1264. In order for the court to focus its limited resources, the final judgment rule must be applied firmly and reasonably. *Id.* In matters involving multiple parties and multiple claims, parties may seek a certification of final judgment "[i]n limited instances, when the resolution of one part of an action may be dispositive of the remaining

unresolved components of the action . . . ." *Musson v. Godley*, 1999 ME 193, ¶ 7, 742 A.2d 479, 481.

[¶ 6] We review a "trial court's decision to certify a claim as final pursuant to M.R. Civ. P. 54(b) for an abuse of discretion." *Dexter v. Town of Norway*, 1998 ME 195, ¶ 6, 715 A.2d 169, 171. Rule 54(b) was designed to allow an appeal from a decision that does not represent complete finality as to an entire case, but because of unique facts is actually final and complete with respect to a particular party. In determining the propriety of certifying a claim as final, courts weigh a variety of factors, including:

> the relationship of the adjudicated and unadjudicated claims, the possibility that the need for review may be mooted by future development in the trial court, the chance that the same issues will be presented more than once to the appellate court, the possibility that an immediate appeal might expedite the trial court's work, and miscellaneous factors such as likely delay, economic solvency considerations, the res judicata effect of a final judgment, and the like.

*Id.* (quoting *Durgin v. Robertson*, 428 A.2d 65, 68 (Me.1981)). Unless the court's order is explanatory, we cannot determine whether the court considered those factors in entering a "final" judgment. *See Canal Nat'l Bank v. Becker*, 431 A.2d 71, 72 n. 2 ( Me.1981). Thus, we have previously declined to accept Rule 54(b) certifications without explanation by the trial judge. *See, e.g., Citicorp Mortgage, Inc. v. Keneborus*, 641 A.2d 188, 190 (Me.1994); *Key Bank of Me. v. Park Entrance Motel*, 640 A.2d 211, 212–13 (Me.1994).

[¶ 7] In the matter before us, counsel for Eckhardt submitted for the court's signature a single-sentence order that not only did not address the factors required,

but also did not even cite to Rule 54(b). Thus, we cannot determine whether the court expected the matter to be cognizable on appeal and whether the court considered each of the factors articulated in *Dexter* and *Durgin*.[1] We therefore dismiss the appeal for lack of a final judgment.

The entry is:

Appeal dismissed.

1. We cannot determine from the record before us whether a final judgment *could* be certified with respect to the summary judgment in favor of Eckhardt.