2002 ME 120

**FLEET NATIONAL BANK**

v.

**GARDINER HILLSIDE ESTATES, INC. et al.**

Supreme Judicial Court of Maine.

Submitted On Briefs: March 26, 2002.

Decided: July 30, 2002.

Colleen P. Tucker, Portland, for the plaintiff.

Mark A. Kearns, Abenaki Professional Park, Wells, for the defendants.

Panel: CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

CLIFFORD, J.

[¶ 1] Gardiner Hillside Estates, Inc.[1] appeals from a judgment entered in the Superior Court (Kennebec County, *Studstrup, J.*), that certified as final pursuant to M.R. Civ. P. 54(b) a summary judgment in favor of Fleet National Bank[2] in Fleet's foreclosure action against the property of Gardiner Hillside. Gardiner Hillside contends that the Superior Court erred in certifying the judgment as final before resolving its counterclaims, and in entering the summary judgment. We affirm the judgment.

[¶ 2] Fleet lent $337,500 to Hamilton Trowbridge Realty Trust Corporation, evidenced by a promissory note dated March 6, 1996. The note provided that the borrower would make sixty monthly payments, the first fifty-nine of which would be $3176.86. Fleet also loaned $50,000 to HTH Corporation, which executed a promissory note, also dated March 6, 1996, that had substantially the same terms as the note from Hamilton Trowbridge except that the monthly payments were proportionally lower. On that same day, Gardiner Hillside guaranteed each of the above loans and granted Fleet mortgages on two properties owned by Gardiner Hillside to secure the loans.

[¶ 3] The debtors on the notes fell behind in their payments, and Fleet instituted this foreclosure action against Gardiner Hillside. Gardiner Hillside raised the af-firmative defenses of fraud in the inducement, contributory negligence, fraud, illegality, injury by a fellow servant, estoppel, failure to comply with 14 M.R.S.A. § 6111 (Supp.2001),[3] violation of state and federal confidentiality statutes, violation of the Maine Fair Debt Collection Practices Act, failure to include a necessary party, and failure to mitigate damages. Gardiner Hillside also asserted five counterclaims, seeking damages for (I) fraud in the inducement, (II) release of confidential information, (III) violation of the duty of good faith and fair dealing, (IV) violation of the Maine Fair Debt Collection Practices Act, and (V) abuse of process and malicious prosecution. The remedy sought by the counterclaims was limited to monetary damages.

[¶ 4] Fleet moved, unsuccessfully, to strike the affirmative defenses and counterclaims pursuant to M.R. Civ. P. 12(f) and to dismiss pursuant to M.R. Civ. P. 12(b)(6). Fleet later moved for a summary judgment in its foreclosure action, but *not* on Gardiner Hillside's counterclaims. Gardiner Hillside's response to the motion for a summary judgment on the complaint for foreclosure did not specifically dispute the facts set out in the M.R. Civ. P. 56(h) statement of material facts filed by Fleet, nor did Gardiner Hillside submit a statement of material facts to support its affirmative defenses. Rather, Gardiner Hillside asserted facts to support its *counterclaims* and argued that summary judgment on the foreclosure action was improper because the damages that would be recovered pursuant to the

---

1. The defendants in the proceedings below include Jean and Richard Hamilton and several corporations that they own: Hamilton Trowbridge Realty Trust Corp., HTH Corp., and Gardiner Hillside Estates, Inc. Throughout this decision we refer to Gardiner Hillside Estates because, as the owner of the property subject to foreclosure, it is the defendant relevant to this appeal.

2. The original lender was Fleet Bank of Maine. Fleet National Bank is Fleet Bank of Maine's successor-in-interest by merger.

3. Title 14 M.R.S.A. § 6111 sets out procedures in foreclosure actions against residential property.

counterclaims would offset the liability on the note.

[¶ 5] The court entered a summary judgment in favor of Fleet on its foreclosure claim. It concluded that the statement of material facts submitted by Fleet established its right to a judgment of foreclosure, and that Gardiner Hillside's response failed to controvert Fleet's statement of material facts in the manner required by M.R. Civ. P. 56(h)(2). Gardiner Hillside appealed the summary judgment.

[¶ 6] On June 22, 2001, this Court (*Wathen, C.J.*) ordered that Gardiner Hillside's appeal from the summary judgment be remanded to the Superior Court for either (1) disposition of the pending counterclaims, or (2) a determination of the appropriateness of the entry on the docket pursuant to M.R. Civ. P. 54(b).

[¶ 7] On remand, the Superior Court certified the foreclosure judgment as final and ordered its immediate entry on the docket. The court determined that the requirements of Rule 54(b) were satisfied because (1) the claims for foreclosure were legally and factually distinguishable from the counterclaims, (2) the amounts due on the loans were determinable and determined, (3) Gardiner Hillside had failed to show that it would be irreparably harmed by the entry of the judgment and initiation of the ninety-day redemption period, and (4) Gardiner Hillside's counterclaims sought monetary relief only, and its ability to recover those damages from Fleet, should it prevail on the counterclaims, would not be affected by the foreclosure. This appeal by Gardiner Hillside from the order of certification followed.

## I.

[¶ 8] Gardiner Hillside challenges the propriety of the certification of the sum-mary judgment. It also contends that the summary judgment should be vacated on its merits because the damages it will receive for its counterclaims will offset the amount due on the notes.[4]

[¶ 9] Maine Rule of Civil Procedure 54(b)(1) provides, in its entirety:

> Except as otherwise provided in paragraph (2) of this subdivision [concerning entry of a judgment on the underlying claim before entering judgment on a request for attorney's fees] and in Rule 80(d) [concerning certain orders prior to judgment], when more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, except those enumerated in paragraph (2) of this subdivision and in the last sentence of Rule 80(d), which adjudicates less than all the claims or the rights and liabilities of less than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

M.R. Civ. P. 54(b)(1).

[¶ 10] We review certifications under Rule 54(b) for abuse of discretion.

---

**4.** Fleet moved to dismiss Gardiner Hillside's appeal, contending that Gardiner Hillside did not fully comply with the order on remand. We find no defects in the manner in which Gardiner Hillside complied with the order and deny Fleet's motion.

*Dravo Corp. v. Regional Waste Sys., Inc.,* 632 A.2d 141, 142 (Me.1993). There is a strong policy against piecemeal review of litigation, however, and we require that there be a good reason for immediate certification of a partial judgment. *See Bates v. Eckhardt Telecomm. Inc.,* 2002 ME 69, ¶ 6, 794 A.2d 648, 650. The trial court must explain with particularity why it finds that "no just reason for delay" exists. *Id.* It is not sufficient that the court merely recites that it finds no reason for delay as "a matter of rote." *Cole v. Peterson Realty, Inc.,* 432 A.2d 752, 757 (Me.1981).

■ [¶ 11] When deciding whether there is no just reason for a delay, the trial court should consider several factors: [5]

> They include the relationship between adjudicated and unadjudicated claims, the likelihood that the reviewing court will face the same issues more than once, the possibility that future action by the trial court will render moot the need for review, whether immediate appeal will expedite the trial process, and miscellaneous factors such as the *res judicata* effect of a final judgment and economic and solvency considerations.

*Key Bank of Maine v. Park Entrance Motel,* 640 A.2d 211, 212 (Me.1994).

■ [¶ 12] Although we have found certification pursuant to Rule 54(b) to be an abuse of discretion when "the adjudicated and unadjudicated claims [in the complaint and the counterclaim] are so factually and legally intertwined that it would serve no purpose to enter final judgment on the complaint at this time," *Dravo Corp.,* 632 A.2d at 142 (improper to certify a judgment for plaintiff in breach of contract claim as final when unresolved counter-claim sought rescission of the contract), the existence of a related claim that does not affect the rights of the plaintiff should not generally prevent entry of a judgment on the plaintiff's claim. *See Fleet Bank of Maine v. Hoff,* 580 A.2d 690, 691 (Me.1990) (Bank entitled to final judgment in its claim against guarantor of loan, notwithstanding fact that one defendant guarantor had filed cross-claim for indemnification against the other. "This is precisely the situation in which a Rule 54(b) certification is appropriate.").

■ [¶ 13] In this case, the Superior Court identified four factors that favored certification of the judgment as final pursuant to Rule 54(b): (1) the mortgage claims are legally and factually distinguishable from the counterclaims, because the counterclaims, even if meritorious, would not eliminate liability under the mortgage; they would merely provide damages from which the defendants could pay the amount owed; (2) the damages due on the loans secured by the mortgages are determinable and determined notwithstanding the fact that the counterclaims remain unresolved; (3) the defendants do not live on the property and have not shown that they would be irreparably harmed by immediate foreclosure and initiation of the ninety-day redemption period; and (4) any claims that the defendants may have against Fleet will not be prejudiced by the foreclosure because the defendants will be able to recover a judgment from Fleet in the event that they prevail on the counterclaims. There was a sufficient factual basis for each of these findings and the court could have reasonably concluded that, on balance, the purposes of Rule 54(b) would

---

**5.** Although not explicitly mentioned in *Key Bank,* the trial court may also appropriately consider whether the other claims are frivolous or are being brought for the purpose of harassment or delaying entry of a judgment. See *Allis–Chalmers Corp. v. Philadelphia Elec. Co.,* 521 F.2d 360, 364 (1975) (summarizing consensus among federal courts about what factors may be considered).

be served by certification of the judgment of foreclosure. For these reasons, the trial court did not abuse its discretion, and we affirm the certification of the summary judgment.

## II.

[¶ 14] Gardiner Hillside also contends that the summary judgment should not have been granted in the foreclosure action because the damages on its counterclaims will setoff the amount due on the loan. Although Gardiner Hillside presents this argument as a separate challenge to the merits of the summary judgment, its contentions here are indistinguishable from its argument that the judgment should not have been certified as final. Gardiner Hillside has not effectively asserted any affirmative defenses to the foreclosure action.[6] Accordingly, the summary judgment need not be denied merely because Gardiner Hillside has asserted separate claims against Fleet.

The entry is:

Judgment affirmed.

---

6. As explained above, Gardiner Hillside's statement of material facts submitted in support of its assertion of affirmative defenses in response to Fleet's motion for summary judgment failed to comply with Rule 56(h).