2004 ME 42

**Kevin GUIDI et al.**

v.

**TOWN OF TURNER et al.**

No. And–03–439.

Supreme Judicial Court of Maine.

Argued: Feb. 13, 2004.
Decided: March 29, 2004.

Curtis Webber, Esq. (orally), Linnell, Choate & Webber, Auburn, for plaintiffs.

Edward R. Benjamin Jr., Esq. (orally), Thompson & Bowie, LLP, Portland, for Town of Turner.

Merritt T.C. Ireland, Esq., Juliet T. Browne, Esq., Verrill & Dana, LLC, Portland, for Eugene Jordan.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, ALEXANDER, CALKINS, and LEVY, JJ.

ALEXANDER, J.

[¶ 1] Kevin and Jean Guidi appeal from a judgment of the Superior Court (Androscoggin County, *Delahanty, J.*) granting the Town of Turner's motion for partial summary judgment on the Guidis' complaint, alleging, as to the Town, an unconstitutional taking of their property. The Guidis assert that the court erred in concluding that the Town was immune from suit pursuant to the Maine Tort Claims Act, 14 M.R.S.A. §§ 8101–8118 (2003). The Guidis also object to certain statements of fact in the Town's appellate brief. Because a count in the Guidis' complaint against an individual property owner, arising out of the same facts, remains pending, the Guidis' appeal is before us on a partial final judgment ordered pursuant to M.R. Civ. P. 54(b)(1). We determine that the partial final judgment was insufficiently justified and dismiss the appeal.

## I.  CASE HISTORY

[¶ 2] The case history is based primarily on the pleadings and court orders in this matter.

[¶ 3] The Guidis assert that, for a number of years, Eugene Jordan has operated an automobile junkyard in violation of state laws and local ordinances on his property in Turner.  They assert that Jordan's operation created a nuisance, *see* 17 M.R.S.A. §§ 2701, 2804 (1983), harming the Guidis' property by polluting the Nezinscot River, polluting ground waters and constituting "a blight on the landscape." Because Jordan was delinquent in payment of his property taxes, the Town acquired tax title to Jordan's property in December of 2000.  Jordan remained in possession of the property after the Town acquired tax title.  The Town's tax lien on the property was discharged in August of 2001, and Jordan reacquired title to the property sometime in the fall of 2001.

[¶ 4] In March of 2001, the Guidis filed a complaint against Jordan and the Town. The complaint was amended in January 2002.  Count I of the complaint sought an injunction against Jordan to abate the nuisance and damages against Jordan for maintenance of the nuisance.  Count II of the complaint sought damages from the Town for an alleged taking of the Guidis' property by an alleged diminution of its value during 2001, when the Town was the owner of the property as a result of its tax title.[1]

[¶ 5] In response to the Guidis' complaint, both the Town and Jordan filed motions for summary judgment.  Jordan's motion for summary judgment was denied, and the action against Jordan remains pending.  The court granted the motion for summary judgment filed by the Town, stating that the Maine Tort Claims Act, at 14 M.R.S.A. § 8104–A(2)(B) (2003), bars claims against municipalities arising from ownership of property acquired by tax lien foreclosures when the town has not taken possession.  The court also stated that the facts supporting the takings claim did not rise to the level of an unconstitutional taking such as suggested in *Foss v. Maine Turnpike Authority*, 309 A.2d 339, 344–45 (Me.1973), and the court noted that the federal takings claim asserted pursuant to 42 U.S.C. § 1983 (2002) was inferentially barred by a similar protection from liability arising from ownership of tax-acquired property in the federal hazardous waste liability laws.  *See* 42 U.S.C. § 9601(20)(D) (1997).

[¶ 6] After the rulings on the motions for summary judgment, and denial of the Guidis' motion to reconsider, characterized as a motion to alter or amend, the Guidis filed an M.R. Civ. P. 54(b)(1) motion for entry of partial final judgment regarding the claim against the Town. After determining that neither defendant objected to the motion, the court granted the Guidis' motion for partial final judgment.  The court's order, in its entirety, read as follows: "On motion of the plaintiffs it is ordered that a final judgment be entered pursuant to Me. R. Civ. P. Rule 54(b) for the defendant Town of Turner in the within matter, there being no just reason for delay. Order entered w/o objection by defendants."

[¶ 7] The Guidis then brought this appeal.

## II.  LEGAL ANALYSIS

[¶ 8] The partial final judgment ordered by the court was based on M.R.

---

1.  Count III of the amended complaint sought an injunction against the Town directing it to enforce state and local environmental laws to require abatement and removal of the alleged-ly illegal activities on Jordan's property.  The trial court denied the motion to add this count to the complaint.

Civ. P. 54(b)(1) which states, in pertinent part, that:

> [W]hen more than one claim for relief is presented in an action ..., or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Thus, M.R. Civ. P. 54(b)(1) may be invoked to permit appeal or enforcement of partial final judgments. *See Citicorp Mortgage, Inc. v. Keneborus*, 641 A.2d 188, 190 (Me. 1994). However, M.R. Civ. P. 54(b)(1) is not a license permitting interlocutory appeal of a judgment on any claim in a case before all claims are resolved by final judgment. The effect of such reviews necessarily requires that adjudication of remaining claims and final judgment on those claims will be delayed while any appeal is pending and raises the possibility, if any appeal is unsuccessful, that cost and delay will be increased for all parties.

■ [¶ 9] We have emphasized that a Rule 54(b)(1) partial final judgment order should be entered only in limited and special circumstances: "In limited instances, when the resolution of one part of an action may be dispositive of the remaining unresolved components of the action, the parties may seek appellate review of one component alone by obtaining a certification of final judgment pursuant to M.R. Civ. P. 54(b)(1)." *Musson v. Godley*, 1999 ME 193, ¶ 7, 742 A.2d 479, 481. Because there is a strong policy against piecemeal review of litigation, there must be a good reason for the certification for appeal of a partial final judgment. *Fleet Nat'l Bank v. Gardiner Hillside Estates, Inc.*, 2002 ME 120, ¶ 10, 802 A.2d 408, 412. In its

certification, the trial court must make specific findings and a reasoned statement explaining the basis for its certification under M.R. Civ. P. 54(b)(1). *See Bates v. Eckhardt Telecomms., Inc.*, 2002 ME 69, ¶¶ 5–7, 794 A.2d 648, 650–51; *Citicorp Mortgage, Inc.*, 641 A.2d at 190; *Key Bank of Maine v. Park Entrance Motel*, 640 A.2d 211, 212 (Me.1994). The court's statement of specific findings may be short, but it must be more than a summary recitation of the provisions of M.R. Civ. P. 54(b)(1). *See Citicorp Mortgage, Inc.*, 641 A.2d at 190.[2]

■ [¶ 10] We review partial final judgment certifications from the trial court for an abuse of discretion. *Fleet Nat'l Bank*, 2002 ME 120, ¶ 10, 802 A.2d at 411. Here, the court made no specific findings and provided no reasoned statement explaining the basis for its certification of the partial final judgment. The court's statement amounts to a summary recitation of the provisions of Rule 54(b)(1), and it falls short even on that score. Without specific findings justifying the extraordinary remedy of entering a partial final judgment, we are unable to determine whether the facts of this case constitute such an unusual circumstance that the merits of an interlocutory appeal should be considered before all pending claims are resolved.

[¶ 11] Because the order granting the partial final judgment is unsupported by specific findings and a reasoned statement explaining the basis for the certification to allow the appeal, the appeal must be dismissed.

■ [¶ 12] Should the question of entry of a partial final judgment with proper findings be reconsidered on remand, we emphasize that even an order with proper findings, supporting a certification of par-

---

**2.** Pursuant to M.R. Civ. P. 7(b)(3), any party moving for an M.R. Civ. P. 54(b)(1) certification must submit a draft proposed order.

Thus, any party has the opportunity to suggest an order with sufficient findings to meet the M.R. Civ. P. 54(b)(1) requirements.

tial final judgment pursuant to M.R. Civ. P. 54(b)(1), will not assure that we will reach the merits of an appeal. Before deciding whether to reach the merits of a properly certified interlocutory appeal, we will consider a number of factors. *See Dexter v. Town of Norway*, 1998 ME 195, ¶ 6, 715 A.2d 169, 171. The factors we will consider include:

— The relationship of the adjudicated and unadjudicated claims;

— The possibility that the need for review may be mooted by future developments in the trial court;

— The chance that the same issues will be presented to us more than once;

— The extent to which an immediate appeal might expedite or delay the trial court's work;

— The nature of the legal questions presented as close or clear;

— The economic effects of both the appeal and any delays on all of the parties, including the parties to appeal and other parties awaiting adjudication of unresolved claims; and

— Miscellaneous factors such as solvency considerations, the res judicata or collateral estoppel effect of a final judgment and the like.

*Id.; Durgin v. Robertson*, 428 A.2d 65, 68 (Me.1981).

[¶ 13] The trial court must consider similar factors prior to its decision to certify. *Fleet Nat'l Bank*, 2002 ME 120, ¶ 11, 802 A.2d at 412. In this case, the trial court did not make the necessary findings to support its certification, and even if it had made the requisite findings, consideration of the merits of the appeal would have been problematic when the circumstances of this particular case are compared to the factors we must review in deciding whether to reach the merits of an interlocutory appeal.

The entry is:

Appeal dismissed. Remanded to Superior Court.