STATE OF MAINE                                      SUPERIOR COURT
CUMBERLAND, ss                                         CIVIL ACTION
                                           DOCKET NO. AP-06-23

LAKESIDE AT PLEASANT MOUNTAIN
CONDOMINIUM ASSOCIATION

                    Plaintiff

STATE OF MAINE
Cumberland, ss, Clerk's Office
SUPERIOR COURT

MAR 16 2007

RECEIVED

v.                                                   ORDER

TOWN OF BRIDGTON,

                    Defendant


        Before the court is an unopposed motion by plaintiff Association to have the

court direct the entry of final judgment as to its November 21, 2006 order disposing of

the 80B claim pursuant to M.R.Civ.P.54(b)(1) even though there are other claims

remaining in this action. The Association is seeking to appeal that order. It argues that

the court should find that there is no just reason for delay and that the factors set forth

in the Law Court's decision in Guidi v. Town of Turner, 2004 ME 42 ¶12, 845 A.2d 1189,

1193, favor an interlocutory appeal in this case.

        In the court's view, the strong policy against interlocutory appeals means that

there needs to be a convincing case for entry of a partial final judgment under

M.R.Civ.P. 54(b)(1). That is true regardless of whether the Rule 54(b) motion is opposed.

In this case the court has weighed the factors in Guidi but does not find that the balance

weighs sufficiently strongly in favor of directing entry of final judgment under Rule

54(b). In this respect the court finds that the following factors, among others, make an

interlocutory appeal problematic in this case:

        • the time that an appeal would consume;

- the possibility that this appeal would be mooted if the remaining claims were tried and the outcome was favorable to the Association;

- the possibility of a second appeal on the Association's remaining claims if this appeal went forward but was unsuccessful; and

- the possibility that even if the court were to direct entry of final judgment under Rule 54(b), the Law Court would disagree and decline to hear the interlocutory appeal.

The parties shall advise the clerk's office within 10 days whether they believe that a standard scheduling order should issue on the remaining claims or whether the standard time periods could be shortened to expedite the case.

The entry shall be:

Plaintiff's Rule 54(b)(1) motion is denied. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: March _16_, 2007

Thomas D. Warren
Justice, Superior Court

CUMBERLAND

County

Docket No. AP-06-23

Action 80B APPEAL

LAKESIDE AT PLEASANT MOUNTAIN
CONDOMINIUM ASSOCIATION

THE TOWN OF BRIDGTON

SHAWNEE PEAK HOLDINGS, INC.

vs.

Plaintiff's Attorney

BRENDAN P. RIELLY, ESQ.
P.O. BOX 4510
PORTLAND, MAINE   04112-4510
775-7271

Defendant's Attorney

Durward Parkinson Esq.
Alan Rachin, Esq.   Town of Bridgton
62 Portland Road, Post Road Center
Kennebunk ME 04043

Stephen Hodsdon Essq.(Shawnee Peak)
56 Portland Road, Kennebunk 04043

Date of
Entry

2006

STATE OF MAINE
CUMBERLAND, ss.



SUPERIOR COURT
CIVIL ACTION
Docket No. AP-06-23

LAKESIDE AT PLEASANT MOUNTAIN
CONDOMINIUM ASSOCIATION,

      Plaintiff,

v.

                                    ORDER

TOWN OF BRIDGTON, et al.,

      Defendants.

Before the court are two motions: (1) a motion by defendant Shawnee Peak Holdings Inc. to enforce a mediation agreement reached in October 2007 and (2) a motion for partial summary judgment by plaintiff Lakeside at Pleasant Mountain Condominium Association. Both motions are denied.

1.    <u>Motion to Enforce Settlement</u>

The Mediation Agreement which Shawnee Peak seeks to enforce is an agreement that was expressly subject to the ability of the parties to draft mutually acceptable language. Mediation Agreement ¶ 1. Moreover, the agreement also provided:

> This entire Agreement is contingent upon the parties reaching agreement as to the matters set forth herein.

Mediation Agreement ¶ 6.

The parties never reached agreement on mutually acceptable easement language nor did they reach an overall agreement as contemplated by paragraph 6. Accordingly, they never reached a settlement agreement that is enforceable.

2.    Motion for Partial Summary Judgment

Lakeside's motion for partial summary judgment is based on the premise that Shawnee Peak's easement does not extend to guests housed at the Shawnee Peak House, which was acquired after the easement was created. The principle relied upon by Lakeside is that an appurtenant easement may not be used to access property other than the dominant estate nor property which was acquired after the easement was created. While that doctrine would probably be valid if Shawnee Peak were using the easement to gain access to after acquired property, the court sees this situation as distinguishable.

In this instance guests of the Shawnee Peak resort are using the easement for recreational purposes that appear to be contemplated by the easement. Specifically, the 100-foot right of way was retained for the following uses:

> (1) access to, and egress from, the building shown on said Plan as the "Pump Bldg."; (2) access to, and egress from, Moose Pond; (3) vehicular and pedestrian travel; (4) the right and easement to install, maintain, use, repair, replace and relocate in, under and above the Right of Way any and all pipes, wires, conduits, poles and other equipment and facilities necessary or desirable in connection with Grantor's snow-making and water-pumping activities; (5) the right and easement to install, maintain, use, repair, replace and construct in, upon, above and under Moose Pond and the shore of Moose Pond, across an area equal to the width of the Right of Way, such ramps, beaches, docks and other like appurtenances as may be reasonably necessary or desirable for Grantor's use of Moose Pond; and (6) the right and easement to install, maintain, use, repair and relocate below the water line of Moose Pond across an area equal to the width of the Right of Way any and all pipes, wires, conduits, poles and other equipment and facilities necessary or desirable in connection with Grantor's snow-making or water-pumping activities or use of Moose Pond.

Ferreira Affidavit, Exhibit A, pp. 4-5 (emphasis added).

The easement language referencing "beaches" contemplates that guests or customers of Shawnee Peak will be able to use the 100 foot Right of Way on Moose

Pond for recreational purposes to some degree. Whether Shawnee Peak is overburdening the easement or whether its use of the easement is unreasonably interfering with the use and enjoyment of the area by Lakeside residents remains to be decided. But the court cannot see that this issue should turn on where the Shawnee Peak guests or customers are housed.

The entry shall be:

The motion to enforce settlement agreement by defendant Shawnee Peak Holdings Inc. is denied. The motion for partial summary judgment by plaintiff is also denied. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

DATED:    October _3_, 2008

_____
Thomas D. Warren
Justice, Superior Court

3

Date Filed **5-03-06**    **CUMBERLAND**    Docket No. **AP-06-23**

County

Action **80B APPEAL**

LAKESIDE AT PLEASANT MOUNTAIN
CONDOMINIUM ASSOCIATION

THE TOWN OF BRIDGTON

SHAWNEE PEAK HOLDINGS, INC.

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| BRENDAN P. RIELLY, ESQ.<br>P.O. BOX 4510<br>PORTLAND, MAINE 04112-4510<br>775-7271 | Durward Parkinson Esq.<br>Alan Rachin, Esq.    Town of Bridgton<br>62 Portland Road, Post Road Center<br>Kennebunk ME 04043<br><br>Stephen Hodsdon Essq.(Shawnee Peak)<br>56 Portland Road, Kennebunk 04043 |

Date of
Entry