2011 ME 128

**Scott MARQUIS**

v.

**TOWN OF KENNEBUNK et al.**

Supreme Judicial Court of Maine.

Argued: Sept. 13, 2011.
Decided: Dec. 15, 2011.

Timothy Norton, Esq., and Lauri Boxer–Macomber, Esq. (orally), Kelly, Remmel & Zimmerman, Portland, for appellant Scott Marquis.

Thomas Danylik, Esq., and Sandra L. Guay, Esq. (orally), Woodman Edmands Danylik Austin Smith & Jacques, P.A., Biddeford, for appellees Brent D. Sirois, Kent C. Berdeen, and Claudia S. Berdeen.

Natalie L. Burns, Esq. (orally), Jensen Baird Gardner & Henry, Portland, for appellee Town of Kennebunk.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

JABAR, J.

[¶ 1] Scott Marquis appeals, and Brent Sirois, Kent Berdeen, and Claudia Berdeen (collectively, the Berdeens) cross-appeal, from a judgment entered in the Superior Court (York County, *Brennan, J.*) affirming, after consolidating Scott Marquis's two M.R. Civ. P. 80B appeals, decisions of the Town of Kennebunk Planning Board and Zoning Board of Appeals (ZBA). In their decisions, the Planning Board and the ZBA each determined that the Berdeens' property did not qualify as a subdivision pursuant to 30–A M.R.S. § 4401(4) (2010) and local law. Scott Marquis argues that the court erred in affirming the Boards' decisions that a subdivision had not been created on the Berdeens' property. The Berdeens contend that the court erred in entering a partial final judgment and reporting the case.

[¶ 2] Although we affirm the judgment of the Superior Court affirming the Planning Board's decision to grant a dredge-and-fill permit for two culverts, we vacate the judgment of the Superior Court and remand with instructions to vacate the Planning Board's and ZBA's decisions applying the subdivision law because those determinations were not ripe for review. We also instruct the Superior Court to dismiss the appeal of the ZBA decision as premature, and we affirm the Superior Court's order certifying final judgment and reporting the case to us.

## I. BACKGROUND

[¶ 3] Scott Marquis owns property along Turmans Field Road in Kennebunk that abuts the Berdeens' property, the parcel of land at issue in this case. Kenneth and Eleanor Berdeen originally acquired the Berdeen property, as joint tenants, in 1974. When Eleanor Berdeen died without a surviving spouse on March 15, 1994, her will and codicil devised the Berdeen property to her three children,

Kent Berdeen, Conrad Berdeen, and Cynthia Sirois, "in equal shares." Eleanor Berdeen's will further provided:

I authorize and empower my Executor, [Conrad Berdeen,] without license of Probate Court, to mortgage or to sell ... any or all of my real or personal estate, to retain and hold any property which is part of my estate without obligation to dispose of it, and to make distribution in cash or in kind or partly in each. With regard to this clause, it is my wish, but I do not require, that said Executor shall first offer any such property to be sold to my children then living ... prior to a sale out of this class....

Eleanor Berdeen's will was probated in the York County Probate Court in April 1994, and Conrad Berdeen was appointed as the personal representative.

[¶ 4] On February 24, 2007, Conrad Berdeen, as personal representative, deeded portions of the property to Kent Berdeen (Parcel 2–A), Cynthia Sirois (Parcel 2–B), and himself (Parcel 2–C). On March 19, 2007, Cynthia Sirois deeded Parcel 2–B to herself and her two children, Brent Sirois and Lynette Mascioli, as joint tenants. Finally, on June 6, 2007, two conveyances were executed: (1) Cynthia Sirois and Brent Sirois deeded the northwesterly portion of Parcel 2–B to Cynthia Sirois and Lynette Mascioli, as joint tenants; and (2) Cynthia Sirois and Lynette Mascioli deeded the southeasterly portion of Parcel 2–B to Cynthia Sirois and Brent Sirois, as joint tenants.

[¶ 5] On July 8, 2008, Brent Sirois submitted an application to the Town for a permit to "Fill, Grade, Lagoon, Dredge or Harvest Timber In Any Shoreland or Resource Protection Zoning District." The Planning Board held a hearing to review the application on July 28, 2008, and, over Scott Marquis's objection, granted a motion to conditionally approve Brent Sirois's application for the installation of "2 culverts for crossing a small stream" on an existing road on the Berdeen property. Shortly thereafter, Brent Sirois began construction of the culverts.

[¶ 6] Following the Planning Board's decision, Scott Marquis repeatedly asked the Town's Code Enforcement Officer (CEO) to investigate alleged violations of state and local law regarding the Berdeen property. Specifically, Scott Marquis alleged that Brent Sirois (1) had begun work on the culverts and was expanding the use of the property without the necessary permits, and (2) was violating state and local subdivision law.

[¶ 7] Dissatisfied with what he perceived to be an inadequate investigation by the CEO, Scott Marquis pursued two courses of action. First, he filed a complaint in the Superior Court pursuant to M.R. Civ. P. 80B, appealing the Planning Board's decision granting the dredge-and-fill permit for the culverts and asserting independent claims for trespass, declaratory judgment, and injunctive relief against Brent Sirois, Kent Berdeen, and Kent Berdeen's wife, Claudia Berdeen. Second, Scott Marquis filed an appeal with the ZBA, arguing that the CEO failed to "fulfill his obligations to respond to" the allegations. The CEO eventually responded, finding that Brent Sirois had committed only one permitting violation; [1] after a public hearing, the ZBA denied Scott Marquis's appeal and affirmed the CEO's decision. Scott Marquis then filed a second 80B complaint in the Superior Court appealing the ZBA's decision. The court consolidated the cases in November 2009

1. The CEO found that Brent Sirois, despite having obtained proper Planning Board approval of his application to construct the culverts, failed to properly "follow up" and secure a permit. Because Brent Sirois began construction before being issued a permit, the CEO charged Brent Sirois a "double fee" for the permit.

and stayed the independent claims associated with the Planning Board appeal.

## A. Planning Board Appeal

[¶ 8] On August 20, 2009, the Superior Court entered an order concluding that the Planning Board (1) failed to make findings sufficient to permit meaningful review and (2) should have addressed whether the Berdeen property was an illegal subdivision in determining whether to approve Brent Sirois's application for a dredge-and-fill permit. The court remanded the case to the Planning Board to address these issues.

[¶ 9] On remand, the Planning Board held two hearings and conducted a site visit. After the first hearing, the Planning Board concluded that the conveyances dividing the Berdeen property were "exempt from subdivision review" pursuant to 30–A M.R.S. § 4401(4)(D–1), reasoning that the "personal representative had the legal authority under the probate code to divide the land," and that there was "no evidence of intent on Eleanor Berdeen's part to avoid subdivision [law] through the terms of the will." After the second hearing and site visit, the Planning Board made findings regarding Brent Sirois's application and concluded that all applicable ordinance requirements had been met.

## B. ZBA Appeal

[¶ 10] On November 19, 2009, the Superior Court remanded the case to the ZBA to consider and make findings, based on the existing records, regarding "whether the [CEO] properly investigated and determined that the division of the Berdeen land does not constitute a subdivision." On remand, the ZBA found that the Berdeen property was divided by "deeds from Conrad Berdeen, the personal representative," and that because Conrad Berdeen "was acting within his legal authority as the representative of the Estate and within the terms of the will of Eleanor

Berdeen, his three deeds to the three beneficiaries fall within the exemption to the Subdivision Law for transfers by devise, set forth in 30–A M.R.S.A. § 4401[ (4) ](D–1)."

## C. Consolidated Order and Appeal

[¶ 11] Having retained jurisdiction over both cases, on October 4, 2010, the Superior Court entered an order affirming the decisions of the Planning Board and the ZBA. The court determined that both the Planning Board and the ZBA (1) were the "operative decision makers on the subdivision question," (2) had to address the subdivision issue for the court to rule on the appeals, and (3) properly found that no subdivision existed because the conveyances dividing the Berdeen property were "division[s] accomplished by devise" pursuant to 30–A M.R.S. § 4401(4)(D–1). Because the order did not address the independent claims that accompanied the Planning Board appeal, Scott Marquis moved to certify the order as a partial final judgment pursuant to M.R. Civ. P. 54(b)(1), or, alternatively, to report the case pursuant to M.R.App. P. 24(c). On January 20, 2011, over the Berdeens' objection, the court granted Scott Marquis's motions. Pursuant to M.R.App. P. 2 and 14 M.R.S. § 1851 (2010), Scott Marquis timely appealed and the Berdeens timely cross-appealed.

## II. DISCUSSION

### A. The Final Judgment Rule

[¶ 12] Although the Superior Court granted both the motion to certify as a partial final judgment and the motion to report the case, we only need to consider whether an exception to the final judgment rule exists pursuant to Rule 54(b)(1), which allows a trial court to direct the entry of a partial final judgment in limited circumstances. *Guidi v. Town of Turner*, 2004 ME 42, ¶ 9, 845 A.2d 1189. We do

not simply accept the trial court's Rule 54(b)(1) determination; instead, there must be "a good reason for immediate certification," and the court must "explain with particularity why it finds that no just reason for delay exists." *Fleet Nat'l Bank v. Gardiner Hillside Estates, Inc.*, 2002 ME 120, ¶ 10, 802 A.2d 408 (quotation marks omitted). However, we also review a trial court's certification for an abuse of discretion, mindful that "the discretionary judgment of the trial court should be given substantial deference, for that court is most likely to be familiar with the case and with any justifiable reasons for delay." *Dexter v. Town of Norway*, 1998 ME 195, ¶ 6, 715 A.2d 169 (quotation marks omitted).

[¶ 13] "[E]ven an order with proper findings, supporting a certification of partial final judgment pursuant to [Rule] 54(b)(1), will not assure that we will reach the merits" of a properly certified interlocutory appeal. *Guidi*, 2004 ME 42, ¶ 12, 845 A.2d 1189. In deciding whether to reach the merits of an appeal, we will consider factors similar to those that the Superior Court considered, including:

- The relationship of the adjudicated and unadjudicated claims;
- The possibility that the need for review may be mooted by future developments in the trial court;
- The chance that the same issues will be presented to us more than once;
- The extent to which an immediate appeal might expedite or delay the trial court's work;
- The nature of the legal questions presented as close or clear;
- The economic effects of both the appeal and any delays on all of the

parties, including the parties to [the] appeal and other parties awaiting adjudication of unresolved claims; and

- Miscellaneous factors such as solvency considerations, the res judicata or collateral estoppel effect of a final judgment and the like.

*Id.* ¶¶ 12, 13; *see also Boothby v. Grindle*, 2009 ME 132, ¶ 8, 985 A.2d 1147.

[¶ 14] First, we conclude that the Superior Court's decision to certify the appeal was not an abuse of discretion. The court identified and discussed every factor, and found that each factor supported certification. The Berdeens dispute the court's analysis with respect to four of the *Guidi* factors, but their arguments do not establish an abuse of discretion. In particular, the Berdeens incorrectly argue that their alleged ability to alternatively divide the property in compliance with subdivision law renders the current appeal moot.[2] *Cf. Anthem Health Plans of Me., Inc. v. Superintendent of Ins.*, 2011 ME 48, ¶ 5, 18 A.3d 824 (stating the test for mootness). Contrary to the Berdeens' other arguments, and given the court's familiarity with the specifics of the case and convincing analysis of the certification factors, the court did not abuse its discretion by certifying the order as a final judgment.

[¶ 15] Second, after considering the *Guidi* factors, we also conclude that an exception to the final judgment rule exists and that it is appropriate to reach the merits of this appeal from the final partial judgment entered pursuant to Rule 54(b)(1). We make this determination for the same reasons and using the same analysis that the Superior Court provided in its certification decision.[3]

---

**2.** It should also be noted that this *Guidi* factor asks whether an issue may be mooted by *future developments* in the trial court, and not, as the Berdeens suggest, whether the issue is currently moot.

**3.** Because we conclude that an exception to

### B. Planning Board/ZBA Decisions

[¶ 16] The issue in the two appeals that the Superior Court consolidated involves Maine's subdivision law. The Superior Court remanded the case back to the Planning Board for a hearing and the entry of findings on "whether there has been or will be a violation of State law or local ordinance with respect to subdivision of land." The court likewise remanded the case to the ZBA "for the limited purpose of making specific written findings on whether the [CEO] properly investigated and determined that the division of the Berdeen land does not constitute a subdivision."

[¶ 17] These remands were in error. In *Mills v. Town of Eliot,* we held that in order for the legality of a subdivision to be an issue in any litigation, the Town action must "expressly or tacitly approv[e] or acknowledg[e] the creation of a subdivision." 2008 ME 134, ¶ 10, 955 A.2d 258. Here, the Town had not taken any legally cognizable action reflecting the administrative recognition of the existence of a subdivision. Therefore, there was no reason for the Town to determine whether there was a subdivision violation. The shoreland permit application to "Fill, Grade, Lagoon, Dredge or Harvest Timber" did not raise a subdivision issue. The facts in this case are unlike those in *Tinsman v. Town of Falmouth,* where the permit application was for building a new roadway to be used to access subdivided lots, most of which had been transferred to different owners several times, and where at least one lot had already been developed. 2004 ME 2, ¶¶ 5–7, 840 A.2d 100. In the present case, the culvert is on an existing roadway to be used to access vacant land.

[¶ 18] The issue of compliance with the subdivision law should not have been considered by the Planning Board or the ZBA because the Town did not expressly or tacitly approve or acknowledge the creation of a subdivision in approving the dredge-and-fill permit for the culverts; therefore, the Planning Board's and ZBA's determinations are premature and the issue of compliance with the subdivision law is not yet ripe for judicial review. *See Johnson v. City of Augusta,* 2006 ME 92, ¶ 7, 902 A.2d 855. "Ripeness is a question of law that we review de novo." *Id.* For a case to be ripe there must be a "genuine controversy" and a "concrete, certain, and immediate legal problem." *Id.* (quotation marks omitted). The policy behind the ripeness doctrine is to "[p]revent[ ] judicial entanglement in abstract disputes, avoid[ ] premature adjudication, and protect[ ] agencies from judicial interference until a decision with concrete effects has been made." *Id.* The only harm that Scott Marquis can allege at this point in time is the approval of Brent Sirois's dredge-and-fill permit for the culverts. Any other harm that might arise from a future subdivision on the Berdeens' property is only a speculative hardship, which does not meet the "concrete, certain, and immediate legal problem" test for ripeness. *Id.* (quotation marks omitted).

### C. Conclusion

[¶ 19] The Superior Court mistakenly remanded the two cases to the Planning Board and ZBA to issue findings related to the application of Maine's subdivision law. Because the issue of whether the dredge-and-fill permit complied with the subdivision law was unnecessary and not ripe for

---

the final judgment rule exists, we do not need to address whether to consider the report pursuant to M.R.App. P. 24(c). In considering a report, we make an independent determination, evaluating similar factors to those

in a final judgment rule exception evaluation, *see State v. DiPietro,* 2009 ME 12, ¶ 11, 964 A.2d 636, which would likely also support reaching the merits of this appeal.

review, we vacate the judgment of the Superior Court and remand with instructions to vacate the Planning Board's and ZBA's decisions insofar as they concluded that there was no violation of the subdivision law. However, we do affirm the judgment of the Superior Court with respect to the Planning Board's July 28, 2008, decision granting Brent Sirois's application for a dredge-and-fill permit because the record supports the Planning Board's decision to grant said request.

[¶ 20] Furthermore, we instruct the Superior Court to dismiss the appeal of the ZBA's decision because the CEO investigation of any subdivision violation was premature. We also affirm the Superior Court's order certifying the final judgment and reporting the matter to us.

The entry is:

The order of the Superior Court certifying final judgment and reporting the matter to the Law Court is affirmed. The judgment of the Superior Court is affirmed with respect to the approval of the dredge-and-fill permit. The judgment of the Superior Court that affirmed the Planning Board's and ZBA's conclusions that there is no violation of the subdivision law is vacated and remanded for further proceedings consistent with this opinion. The judgment of the Superior Court accepting the appeal of the ZBA is vacated and remanded for further proceedings consistent with this opinion.