MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2018 ME 35
Docket:       Yor-16-558
Argued:       February 14, 2018
Decided:      March 15, 2018

Panel:        ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

KITTERY POINT PARTNERS, LLC

v.

BAYVIEW LOAN SERVICING, LLC, et al.

GORMAN, J.

[¶1]  Kittery Point Partners, LLC (KPP) appeals from a partial summary judgment entered by the Superior Court (York County, *Douglas, J.*) in favor of Bayview Loan Servicing, LLC and M&T Mortgage Corporation.  KPP challenges the court's grant of summary judgment in favor of Bayview and M&T and alleges that disputed issues of material fact remain.  Because we conclude that the judgment that KPP appeals from is not a final judgment, we dismiss the appeal as interlocutory and do not reach the merits.

## I.  BACKGROUND

[¶2]  This case concerns a property located in Kittery Point within the Town of Kittery.  The individuals who previously owned the property (the

2

family) deeded title to it to KPP in 2005.  KPP executed a promissory note and mortgage for the property, and those were assigned to Bayview in June of 2005.

[¶3] In 2008, KPP stopped making loan payments and Bayview instituted a foreclosure action in the Superior Court (York County).  In February of 2009, one of the family members, acting on behalf of KPP, signed a delinquency repayment agreement with Bayview.  In the delinquency repayment agreement, KPP released Bayview from "any and all claims" associated with the note and mortgage.  Bayview voluntarily dismissed the foreclosure action pursuant to the delinquency repayment agreement in April of 2010.  M.R. Civ. P. 41(a).

[¶4] In August of 2011, KPP filed a complaint against Bayview, M&T,[1] and a third defendant—a former member of KPP—in the Superior Court (York County).  The complaint sought a declaratory judgment that the promissory note and the mortgage securing it are invalid and also sought the recovery of sums paid on the note.  Although the third defendant initially responded to the complaint, he has otherwise been nonresponsive to the lawsuit.

[¶5]  An extremely lengthy discovery process ensued.  In February of 2016, Bayview and M&T filed a motion for summary judgment, which KPP

---

[1] At some point, M&T Mortgage Corporation allegedly serviced KPP's loan.

opposed. After a hearing, the court ordered entry of a partial summary judgment in favor of Bayview and M&T on November 30, 2016. In its order the court stated:

> This judgment is final as to claims between plaintiff KPP and defendants/counterclaimants Bayview Loan Servicing and M&T Mortgage Corporation. There is no just reason for delay in entering final judgment as to those parties. To the extent that any claims against [the third defendant] remain unresolved, the adjudication of those issues are not necessary to the resolution of claims between KPP and Bayview and M&T and do not prevent the entry of final judgment.

KPP timely appeals.[2] 14 M.R.S. § 1851 (2017); M.R. App. 2(b)(3) (Tower 2016).[3]

## II. DISCUSSION

[¶6] Absent an exception to the final judgment rule, a trial court's decision is not appealable unless it resolves all claims against all parties. *See Safety Ins. Grp. v. Dawson*, 2015 ME 64, ¶ 6, 116 A.3d 948; *Marquis v. Town of Kennebunk*, 2011 ME 128, ¶ 12, 36 A.3d 861. A trial court can, however, certify

---

[2] This appeal was initially set for argument in July of 2017. We stayed the appeal by order dated June 30, 2017, because KPP had filed for bankruptcy protection. After an order from the United States Bankruptcy Court for the District of Maine, *In re Kittery Point Partners, LLC*, Case No. 17-20316 (Bankr. D. Me. Nov. 7, 2017), we lifted the stay, permitting this appeal to move forward.

[3] The Maine Rules of Appellate Procedure were restyled and are effective for appeals commenced on or after September 1, 2017. *See* M.R. App. P. 1 (restyled Rules). Because KPP filed this appeal before September 1, 2017, the restyled Maine Rules of Appellate Procedure do not apply.

an order pursuant to Maine Rule of Civil Procedure 54(b)(1) to permit the appeal of partial final judgments, and "[w]e review partial final judgment certifications from the trial court for an abuse of discretion." *Guidi v. Town of Turner*, 2004 ME 42, ¶¶ 8, 10, 845 A.2d 1189.

[¶7]  The court's November 30, 2016, order appears to be a certification of a partial final judgment pursuant to Rule 54(b)(1) because it purports to be final as to the claims against Bayview and M&T, despite the outstanding claims against the third defendant.  M.R. Civ. P. 54(b)(1).  Rule 54(b)(1) states, in pertinent part:

> [W]hen multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.  In the absence of such determination and direction, any order or other form of decision, however designated, . . . which adjudicates less than all the claims or the rights and liabilities of less than all the parties shall not terminate the action as to any of the claims or parties . . . .

Because of the "strong policy against piecemeal review of litigation," *Fleet Nat'l Bank v. Gardiner Hillside Estates, Inc.*, 2002 ME 120, ¶ 10, 802 A.2d 408, "a Rule 54(b)(1) partial final judgment order should be entered only in limited and special circumstances," *Guidi*, 2004 ME 42, ¶ 9, 845 A.2d 1189.  To properly certify a partial final judgment, "the trial court must make specific findings and

a reasoned statement explaining the basis for its certification." *Id.* "[T]here must be a good reason for immediate certification, and the court must explain with particularity why it finds that no just reason for delay exists." *Marquis*, 2011 ME 128, ¶ 12, 36 A.3d 861 (quotation marks omitted). The court's findings and explanation "must be more than a summary recitation of the provisions of M.R. Civ. P. 54(b)(1)." *Guidi*, 2004 ME 42, ¶ 9, 845 A.2d 1189.

[¶8] Here, the court's order contains no specific findings about and does not adequately explain the basis for its certification, and its "statement amounts to a summary recitation of the provisions of Rule 54(b)(1)." *Id.* ¶ 10. Neither party requested that the court provide a more robust explanation of its order, and in the absence of specific findings or an adequate explanation for its reasoning, "we are unable to determine whether the facts of this case constitute such an unusual circumstance that the merits of an interlocutory appeal should be considered before all pending claims are resolved."[4] *Id.* We, therefore, must dismiss the appeal.

---

[4] We note that "even an order with proper findings, supporting a certification of partial final judgment pursuant to M.R. Civ. P. 54(b)(1), will not assure that we will reach the merits of an appeal." *Guidi v. Town of Turner*, 2004 ME 42, ¶ 12, 845 A.2d 1189. "When deciding whether the trial court correctly certified a partial final judgment, we consider the following factors:

- The relationship of the adjudicated and unadjudicated claims;

- The possibility that the need for review may be mooted by future developments in the trial court;

6

The entry is:

Appeal dismissed.

---

Clifford H. Ruprecht, Esq. (orally), Roach, Hewitt, Ruprecht, Sanchez & Bischoff, P.C., Portland, for appellant Kittery Point Partners, LLC

Andrew W. Sparks, Esq. (orally), and Misha C. Pride, Esq., Drummond & Drummond, LLP, Portland, for appellee Bayview Loan Servicing, LLC

York County Superior Court docket number CV-2011-177
FOR CLERK REFERENCE ONLY

---

- The chance that the same issues will be presented to us more than once;

- The extent to which an immediate appeal might expedite or delay the trial court's work;

- The nature of the legal questions presented as close or clear;

- The economic effects of both the appeal and any delays on all of the parties, including the parties to the appeal and other parties awaiting adjudication of unresolved claims; and

- Miscellaneous factors such as solvency considerations, the res judicata or collateral estoppel effect of a final judgment and the like."

*McClare v. Rocha*, 2014 ME 4, ¶ 8 n.1, 86 A.3d 22.