STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
Docket No.: CV-13-534

STATE OF MAINE
Cumberland, ss, Clerk's Office

APR 16 2015

RECEIVED

ARTHUR MURDOCK,

   Plaintiff,

v.

ANGELO CASTIGLIOLA, III et al,

   Defendants

)
)
)
)
)
)
)
)
)
)
)
)

ORDER GRANTING
CERTIFICATION OF THE COURT'S
ORDER DATED JANUARY 22, 2015
AS A FINAL JUDGEMENT
UNDER M.R. CIV.P.54 (B)(1)

Plaintiff Arthur Murdock has moved for an order certifying the court's January 22, 2015 Order as a final judgment pursuant to Rule 54(b)(1) of the Maine Rules of Civil Procedure. For the following reasons, the Court grants Murdock's motion.

This case stems from a motor vehicle collision in which Murdock's vehicle was struck by a vehicle driven by defendant Angelo Castigliola. In its January 22 Order the court dismissed Murdock's uninsured motorist claim against Murdock's employer, the Maine Department of Public Safety, on the grounds that, as a matter of law, the State is exempt from the requirements of Maine's uninsured motorist statute. The court also dismissed Murdock's claim against defendant Martin Thorne in light of Murdock's testimony that he knew he could not and did not rely on Thorne's signaling to assume that he had a safe passage across the next lane of traffic.

Under Rule 54(b)(1), the Court "may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay." In deciding whether to certify a partial judgment, the Court considers several factors, including: (1) the relationship between the adjudicated and the unadjudicated

claims; (2) the possibility that the need for review may be mooted by future developments; (3) the likelihood that the appellate court will face the same issues more than once; (4) the extent to which an immediate appeal might expedite or delay the trial court proceedings; (5) the nature of the legal questions presented as clear or difficult; (6) the economic effect of the appeal and any associated delay on all parties; (7) other factors such as solvency considerations and res judicata or collateral estoppel effects. Marquis v Town of Kennebunk, 2011 ME 128 ¶13, 36 A.3d 861.

Most of those factors support Rule 54 (b) certification in this case.

First, none of the rulings made by the court in its January 22 order will be mooted by proceeding with the trial of the only remaining claims – Murdock's claims against Castigliola and Patrons Oxford Insurance Co.[1] If an appeal from the dismissal of the claims against Thorne and the Department of Public Safety is taken now, the court sees no possibility that the same issues would be presented to the Law Court a second time. The Law Court has not ruled on the issue of whether and under what circumstances a driver who signals that another driver can make a left turn can be found negligent if there is a subsequent collision with a third vehicle.[2]

Allowing an appeal will delay adjudication of the claim against Castigliola but Murdock, who is seeking to appeal, is willing to accept that delay. Counsel for Castigliola did not object to Murdock's Rule 54(b) motion. In addition, if the claims against Castigliola proceeded to trial and the Law Court subsequently reversed the dismissal of Murdock's claim against Thorne, there

---

[1] Counsel for Patrons Oxford has advised the court that Patrons Oxford is prepared to stipulate to be bound by the result against Castigliola.

[2] The parties agree that a signaling driver owes a duty to yield the right of way. The issue is whether the signaling driver also owes a duty to assure that it is generally safe to proceed and that there is no danger from any other drivers. Although the court did not reach that issue, it would have to be resolved if the Law Court does not uphold this court's reasoning for dismissing the claim against Thorne based on proximate cause.

would be a distinct possibility that the same evidence would be offered at the trial against Castigliola and the trial against Thorne.

Practical considerations also strongly favor an appeal. Counsel has advised the Court that the worker's compensation lien in this case is sufficiently large – compared to the limited insurance coverage available on the claims against Castigliola and Patrons Oxford – that it would not make economic sense to proceed on the claims against Castigliola and Patrons Oxford alone. The dismissal of the claims against Thorne and the Department of Public Safety therefore should be addressed by the Law Court before the parties proceed to trial to trial on the remaining claims.

The entry shall be:

The Court finds that there is no just reason for delay and directs that final judgment be entered on the January 22, 2015 order dismissing counts I and II of the complaint for the purpose of allowing immediate appeal.

The clerk is instructed to incorporate this order by reference.

Date: April _15_, 2015

_____
Thomas D. Warren
Justice, Superior Court

JAMES BOWIE ESQ
THOMPSON & BOWIE
PO BOX 4630
PORTLAND ME 04112-4630

Counsel for Defendant
Patrons Oxford Insurance Co.

CHRISTOPHER DINAN ESQ
MONAGHAN LEAHY LLP
PO BOX 7046
PORTLAND ME 04112-7046

Counsel for Defendant
Angelo Castigliola

PHILIP MANCINI ESQ
DRUMMOND & DRUMMOND LLP
ONE MONUMENT WAY
PORTLAND ME 04101

Counsel for Plaintiff

CLERK OF COURTS
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

THOMAS KNOWLTON AAG
OFFICE OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

Counsel for Defendant
State of Maine

CLERK OF COURTS
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

ELIZABETH GERMANI ESQ
GERMANI MARTEMUCCI & HILL
43 DEERING STREET
PORTLAND ME 04101

Counsel for Defendant
Martin Thorne

STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-13-534
*TDW-CUM-02-13-2015*

ARTHUR MURDOCK,

    Plaintiff

v.                                                      ORDER

STATE OF MAINE
Cumberland, ss, Clerk's Office

FEB 13 2015

RECEIVED

ANGELO CASTIGLIOLA III,
et al

    Defendants

Before the court is a motion for summary judgment filed by defendant Angelo Castigliola. The court has previously ruled on motions for summary judgment filed by defendants Martin Thorne and Maine Department of Public Safety in a January 22, 2015 order.

## Summary Judgment

As noted in the January 22, 2015 order, summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In considering a motion for summary judgment, the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. E.g., Johnson v. McNeil, 2002 ME 99 ¶ 8, 800 A.2d 702. The facts must be considered in the light most favorable to the non-moving party. Id. Thus, for purposes of summary judgment, any factual disputes must be resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at

trial, be sufficient to withstand a motion for judgment as a matter of law, summary judgment should be granted. Rodrigue v. Rodrigue, 1997 ME 99 ¶ 8, 694 A.2d 924.

Factual Record

Certain facts are undisputed. To the extent that there is any difference between the version of the facts presented by Castigliola and that presented by Murdock, the court will rely on Murdock's version of events because the record on summary judgment must be considered in the light most favorable to the party opposing summary judgment.

Castigliola was the driver of a vehicle that collided with Murdock's vehicle on Skyway Drive in Portland on January 26, 2010. At the time of the accident Murdock was a Lieutenant in the State Police driving a state police cruiser.

Before the collision Murdock was traveling westbound on Skyway Drive preparing to turn left across Skyway Drive into the entrance of the State Police Barracks. His lights and siren were not activated. There are two eastbound lanes on Skyway Drive at that location. Castigliola SMF ¶ 2, as qualified in Murdock's opposing SMF.

Martin Thorne was traveling in the innermost of the two eastbound lanes, approaching the location where Murdock was preparing to turn. Thorne stopped and, after checking his side view mirror to ascertain whether the outside eastbound lane was clear, gestured to Murdock that Murdock could turn in front of Thorne. Castigliola SMF ¶¶ 3-4, as qualified in Murdock's SMF.

Murdock, in response to Thorne's gesture, inched forward to see if the outside lane was clear. Murdock had a clear line of sight for about 100 feet down Skyway Drive. Determining that the outside lane was clear, he proceeded across Skyway Drive. Castigliola SMF ¶¶ 5-7 (admitted).

2

Murdock's vehicle collided with Castigliola's vehicle, travelling in the outer eastbound lane, after Murdock had proceeded across less than the width of that lane. Before Murdock had begun crossing into the outer eastbound lane, Thorne saw the Castigliola vehicle approaching in the outer eastbound lane. Castigliola SMF ¶¶ 8-9 (admitted). Specifically, Thorne had previously seen a clear lane but just as Murdock's vehicle started to proceed, Thorne saw movement in his right hand side mirror. Thorne Dep. 14 and Thorne Interrogatory Answer 7, cited in Murdock SAMF ¶ 1.

Discussion

On the existing record, the court finds that there are factual disputes that preclude summary judgment for Castigliola. First, the summary judgment record does not rule out that excessive speed by Castigliola caused or contributed to the collision. Although Castigliola's past driving record may not be admissible, a jury would not be obliged to accept Castigliola's testimony that he was driving within the speed limit, particularly if it accepted Murdock's testimony that he looked to see if the outside lane was clear and saw nothing before he proceeded. A jury would not be compelled to find that Murdock negligently failed to see "what was there to be seen" –Castigliola's oncoming vehicle – if Castigliola was approaching at an unsafe speed.

Moreover, while the court agrees with Castigliola that under the rules of the road, his vehicle had the right of way, 29-A M.R.S. § 2053(5), a violation of the rules of the road is evidence of negligence but is not conclusive. Even if Castigliola was not speeding, a jury could find that Castigliola was negligent if he had the opportunity to stop in time or otherwise avoid a collision with Murdock and negligently failed to do so. This would be true even though

3

Castigliola had the right of way. In fact, one of the cases relied upon by Castigliola also states that a driver who has the right of way may assume that other drivers will yield "<u>until</u> <u>circumstances develop which show that assumption to be unwarranted</u>." *Blaisdell v. Reid,* 352 A.2d 756, 758 (Me. 1976) (emphasis in original).

Under the principle that a driver is not required to anticipate negligence by another driver until a contrary situation becomes apparent, the summary judgment record does not foreclose the possibility that a contrary situation became apparent here in time for Castigliola to avoid the collision, that Castigliola was negligent if failing to do so, and that such negligence caused or contributed to the accident. Assuming negligence on the part of both Murdock and Castigliola, there would be a factual dispute for trial as to whether Murdock's negligence was greater than or equal to the negligence of Castigliola.

The entry shall be:

Defendant Angelo Castigliola's motion for summary judgment is denied. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: February _13_, 2015

Thomas D. Warren
Justice, Superior Court

4

Portland, ME 04101

CHRISTOPHER DINAN ESQ
MONAGHAN LEAHY
PO BOX 7046
PORTLAND ME 04112-7046

Attorney for Defendant Castigliola

205 Newbury Street, Ground Floor
Portland, ME 04101

PHILIP MANCINI ESQ
DRUMMOND & DRUMMOND
ONE MONUMENT WAY
PORTLAND ME 04101

Attorney for Plaintiff

205 Newbury Street, Ground Floor
Portland, ME 04101

JAMES BOWIE ESQ
THOMPSON & BOWIE
PO BOX 4630
PORTLAND ME 04112  030

Attorney for Defendant
Patrons Oxford Insurance Co.

STATE OF MAINE                                      SUPERIOR COURT
CUMBERLAND, ss                                      CIVIL ACTION
                                                    DOCKET NO. CV-13-534

                                                    TDW-CUM-01-2215

ARTHUR MURDOCK,

       Plaintiff

v.                                                  ORDER

ANGELO CASTIGLIOLA III,
et al

       Defendants

Before the court are motions for summary judgment filed by defendants Martin Thorne and the Maine Department of Public Safety. Thorne and the Department of Public Safety (DPS) are two of the four defendants who have been sued in this action by plaintiff Arthur Murdock.

Murdock alleges in count I of the complaint that defendant Angelo Castigliola is liable as the driver of a vehicle that collided with Murdock's vehicle on Skyway Drive in Portland on January 26, 2010. At the time of the accident Murdock was a Lieutenant in the State Police driving a state police cruiser.

In count II of the complaint Murdock alleges that defendant Thorne is liable based on his alleged negligence in signaling that Murdock could make a left turn in front of Thorne's vehicle before the collision.

In count III of the complaint Murdock makes an under-insured motorist claim against DPS, alleging that the liability of Castigliola and Thorne is likely to exceed their coverage limits and that DPS, which self-insures its employees, is required to provide under-insured motorist coverage as part of its self-insurance.

In count IV of the complaint Murdock makes a second under-insured motorist claim against defendant Patrons Oxford Insurance Company, his own insurance carrier.

The motions before the court address only counts II and III of the complaint.[1]

## Summary Judgment

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In considering a motion for summary judgment, the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. E.g., Johnson v. McNeil, 2002 ME 99 ¶ 8, 800 A.2d 702. The facts must be considered in the light most favorable to the non-moving party. Id. Thus, for purposes of summary judgment, any factual disputes must be resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment as a matter of law, summary judgment should be granted. Rodrigue v. Rodrigue, 1997 ME 99 ¶ 8, 694 A.2d 924.

## I. MOTION FOR SUMMARY JUDGMENT BY DEFENDANT THORNE

## Undisputed Facts

1. The following facts are undisputed. *See* Thorne SMF dated September 24, 2014 ¶¶ 2-10 (admitted):

On January 26, 2010 Lt. Murdock was driving west on Skyway Drive. At the location where the accident occurred, Skyway Drive has two westbound lanes and two eastbound lanes.

---

[1] Defendant Castigliola has since filed a separate summary judgment motion, but that motion has not been fully briefed.

Lt. Murdock was in the inner westbound lane, intending to make a left turn across the two eastbound lanes into the entrance of the State Police Barracks. His lights and siren were not activated.

Coming in the other direction in the inner eastbound land was Thorne, who saw that the traffic ahead of him was stopping. Thorne made eye contact with Murdock and stopped his vehicle, leaving enough space for Murdock to make a left turn in front of him. Thorne then waved Murdock across his lane of travel.

With Thorne stopped in the inner eastbound lane, Murdock inched forward to check for oncoming traffic in the outer eastbound lane, saw no vehicles, and proceeded across the outside lane. However, Castigliola's vehicle was approaching in the outer eastbound lane and collided with Murdock's vehicle.

2. In response to Thorne's SMF, Murdock submits the following additional facts, which the court accepts for purposes of summary judgment:

Thorne's vehicle obstructed Murdock's ability to have a good view of the outer eastbound lane. Plaintiff's SAMF dated October 15, 2014 ¶ 2. Before waving Murdock on, Thorne gestured with his finger to Murdock to communicate that Murdock should wait a moment before initiating a left turn, and Thorne then checked his side view mirror to ascertain whether the outer eastbound lane was clear. Plaintiff's October 15, 2014 SAMF ¶¶ 3-4. Construed in the light most favorable to Murdock, Thorne intended to communicate to Murdock that it was safe to execute a left turn across both lanes. Plaintiff's October 15, 2014 SAMF ¶ 6.

Murdock contends that when Thorne waved him on, he "immediately" began to execute a left turn, Plaintiff's October 15, 2014 SAMF ¶ 7, but the record does not support that assertion.

3

Instead Murdock consistently testified that after Thorne waved him on, Murdock initially "inched forward" to see if anyone was coming. Murdock Dep. 85-86. *Accord*, Murdock Dep. 16, 18.

It is undisputed that when Murdock began his turn, Thorne saw the Castigliola vehicle approaching in the outer eastbound lane and sounded his horn in a futile attempt to warn Murdock. Plaintiff's October 15, 2014 SAMF ¶¶ 8-9.[2]

3. Although Murdock's SMF qualifies and denies paragraphs 14-16 of Thorne's statement of material facts, the court finds that those paragraphs are undisputed:

Specifically, Murdock unequivocally testified at his deposition that once he turned in front of Thorne, he stopped and inched forward to where he could see the outer eastbound lane "and then I pulled out." He further testified that he did that because he knew he could not rely on someone who was letting him turn left in front of them and that he had to make his own determination of whether a lane was clear before he could cross that lane. Murdock Dep. 86-87, cited in Thorne SMF ¶¶ 14-16.

Discussion

The Law Court has not ruled on the issue of whether a driver who signals to another driver that the latter can make a left turn can be found negligent if a collision with a third vehicle results. Two Maine Superior Court decisions have concluded that while the signaling driver has yielded his own right of way, the signaling driver has not undertaken any duty to assure that it is

---

[2] Murdock suggests that when Thorne saw the Castigliola vehicle, Thorne saw that he was "mistaken" in signaling to Murdock that the lane was clear. Plaintiff's October 15, 2014 SAMF ¶ 8. To the extent that this suggests that Thorne acknowledged any mistake on his part, there is no support on the record for any such acknowledgment.

4

all clear to proceed. *Bolduc v. Haywood*, order dated July 18, 2001 in CV-000-18 (Superior Ct. Kennebec) (Marden, J.), reported at 2001 WL 1712679; *Dionne v. Progressive Insurance Co.*, order dated April 13, 2000 in CV-99-38 (Superior Ct. Androscoggin) (Cole, J.), reported at 2000 WL 33672928.

There is a split of authority in other jurisdictions on this issue. *See, e.g., Gilmer v. Ellington*, 70 Cal. Rptr. 3d 893, 900 n.6 (Cal. App. 2008). Another Maine Superior Court decision appears to have followed the New Hampshire Supreme Court in concluding that a signaling driver can be liable if the signaling driver knows or should know that special circumstances create a foreseeable risk of harm to third parties. *Frechette v. Cobb*, order dated January 9, 1997 in CV-96-86 (Superior Ct. Androscoggin) (Delahanty, J.), reported at 1997 Me. Super. LEXIS 9, citing *Williams v. O'Brien*, 669 A.2d 810, 811 (N.H. 1995).

Murdock argues that special circumstances exist here based on his assertion that Thorne's vehicle obstructed Murdock's view of the outer eastbound lane. Thorne disagrees that the special circumstances rule should be adopted in Maine and also disagrees that there any special circumstances in this case.

Ultimately the court does not need to decide whether New Hampshire's special circumstances rule should be adopted in Maine and whether this would result in a disputed issue of fact because the undisputed record establishes that Murdock did not rely on Thorne's signal. Murdock instead testified that after he turned in front of Thorne's vehicle, he inched forward to see if there was any traffic in the next lane, saw none, and then proceeded. Murdock Dep. 16, 18, 86-87.

> Q. And the reason that you stopped and inched forward is because you know you can't rely on someone who's letting you turn left in front of them, correct?

5

A. That's correct.

Q. You have to make your own determination of whether or not a lane is clear before you can cross that lane. True?

A. That's true.

Murdock Dep. 87.

In order to recover against Thorne, Murdock would have to show not only that Thorne breached a duty of care but also that Thorne's conduct was a legal or proximate cause of the accident. *Crowe v. Shaw*, 2000 ME 136 ¶¶ 9-10, 755 A.2d 509. Based on Murdock's deposition testimony, Murdock cannot make that showing. Regardless of whether Thorne owed any duty to Murdock and if so, whether Thorne was negligent, Thorne is entitled to summary judgment due to the absence of any factual dispute as to causation.

## II. MOTION FOR SUMMARY JUDGMENT BY DEFENDANT DPS

### Undisputed Facts

The motion by DPS for summary judgment is based on two arguments. The first is that the State, as a self-insurer, is not subject to claims under the uninsured and underinsured motorist provisions in the State's insurance code. The second is that Murdock's claim against DPS is barred by the immunity and exclusivity provisions of the Workers Compensation Act, 39-A M.R.S. §§ 104 and 408.

Murdock did not dispute any of the assertions in the statement of material facts submitted by DPS, and the DPS's motion for summary judgment therefore turns on issues of law.

On the self-insurance issue, it is undisputed that the DPS had not procured any insurance that provided coverage for Murdock or for the claim asserted against DPS by Murdock. State departments and employees are self-insured by a fund administered by the State's Director of

6

Risk Management within the Department of Administrative and Financial Services pursuant to 5 M.R.S. § 1731. DPS SMF ¶¶ 51-54.

The applicable self-insurance policy states that the Risk Management Division will pay any sums that its insureds may be legally obligated to pay because of the exceptions to sovereign immunity contained in the Maine Tort Claims Act. Exhibit A to Fitts Affidavit.[3]

On the workers compensation issue, it is undisputed that the State has paid Murdock approximately $ 165,000 in medical and indemnity workers compensation benefits. As of September 1, 2014 the State was continuing to pay Murdock $ 479.72 per week in workers compensation indemnity benefits. DPS SMF ¶¶ 49-50.

Discussion

Murdock's argument that he is entitled to UM coverage from DPS is based on the straightforward proposition that the Insurance Code requires that all motor vehicle insurance policies delivered in Maine must include coverage for persons who are legally entitled to recover damages from operators of uninsured, under-insured, and hit-and-run vehicles. 24-A M.R.S. § 2902(1). This requirement to provide UM coverage, argues Murdock, applies to the State as self-insurer the same as it applies to any other entity.

The problem with Murdock's argument is that 5 M.R.S. ¶ 1728-A(1)(H) expressly provides that the State's self-insurance funds "are not subject to the provisions of Title 24-A." Accordingly, the court cannot find that 24-A M.R.S. § 2902(1) is applicable here and cannot find any other legal basis for the argument that DPS is obligated to provide UM coverage to Murdock.

---

[3] Under the Tort Claims Act, a governmental entity may be liable for "its negligent acts or omissions" in the use of any motor vehicle. 14 M.R.S. § 8104-A(1)(A). The Tort Claims Act does not contain any provision for UM coverage when other parties are negligent.

7

Accordingly, DPS is entitled to summary judgment on Murdock's UM claim against DPS. The court does not reach the State's alternative argument that Murdock's receipt of worker's compensation benefits bars his claim against DPS under the immunity and exclusivity provisions of the Workers Compensation Act.

The entry shall be:

The motions for summary judgment filed by defendants Martin Thorne and Maine Department of Public Service are granted and the complaint is dismissed as against those defendants. The case continues as against defendants Castigliola and Patrons Oxford Insurance Co.

The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: January 22, 2015

Thomas D. Warren
Justice, Superior Court

STATE OF MAINE
Cumberland, ss, Clerk's Office

JAN 22 2015

RECEIVED

8

CLERK OF COURTS
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

ELIZABETH GERMANI ESQ
GERMANI MARTEMUCCI & HILL
43 DEERING STREET
PORTLAND ME 04101

Defendants Attorney (Martin Thorne)

CLERK OF COURTS
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

THOMAS KNOWLTON AAG
OFFICE OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

Defendants Attorney (State of Maine)

203 Newbury Street, Ground Floor
Portland, ME 04101

JAMES BOWIE ESQ
THOMPSON & BOWIE
PO BOX 4630
PORTLAND ME 04112-4630

Defendant's Attorney (Patron's Oxford Insurance Co.)

PHILIP MANCINI ESQ
DRUMMOND & DRUMMOND
ONE MONUMENT WAY
PORTLAND ME 04101

Plaintiff's Attorney

CHRISTOPHER DINAN ESQ
MONAGHAN LEAHY
PO BOX 7046
PORTLAND ME 04112-7046

Defendant's Attorney (Angelo Castigliola)