MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:    2022 ME 9
Docket:      Ken-21-147
Argued:      December 9, 2021
Decided:     February 3, 2022

Panel:       STANFILL, C.J., and MEAD, GORMAN, JABAR, HUMPHREY, HORTON, and CONNORS, JJ.

GEOFFREY S. STIFF et al.

v.

STEPHEN C. JONES et al.

MEAD, J.

[¶1] Geoffrey S. Stiff and Carolyn B. Stiff appeal from a partial summary judgment entered by the Superior Court (Kennebec County, *Stokes, J.*) in favor of Stephen C. Jones and Jody C. Jones on the Stiffs' claim of violations of common restrictions in the parties' deeds. The Stiffs contend that the Superior Court erred when it found that there was no common scheme of development applicable to the Joneses' lot and that the court failed to resolve disputed facts in the Stiffs' favor. Because we conclude that the court improvidently granted the Stiffs' motion to certify the partial summary judgment as a final judgment pursuant to M.R. Civ. P. 54(b)(1), we dismiss the appeal as interlocutory and do not reach the merits.

## I. BACKGROUND

[¶2]  The following facts are derived from the summary judgment record viewed in the light most favorable to the Stiffs as the non-prevailing party. *See Cach, LLC v. Kulas*, 2011 ME 70, ¶ 8, 21 A.3d 1015.  Edmund W. Hill was the owner of land in Belgrade, Maine, near Sandy Cove Road during the 1950s and 1960s.  In 1961, he sold ninety-seven acres to Parker Lake Shores, Inc. (PLS).  PLS created and recorded two subdivision plans for its Belgrade property acquired from Hill: a 1962 plan titled "Section No. 1 of Plot Plan for Lake Shores at Belgrade" (the 1962 Plan) and a 1964 plan titled "Section No. 2 of Plot Plan for Lake Shores at Belgrade" (the 1964 Plan).  The 1962 Plan depicted thirty house lots, and the 1964 Plan depicted twenty-nine separate house lots.  In 1968, Hill recorded his 1963 "Plan of Property of E.W. Hill Sandy Cove Point – East Shore Long Pond" (the 1963 Plan) which depicts twelve house lots adjacent to and numbered sequentially with the lots on the 1964 Plan.

[¶3]  PLS sold fifty of the fifty-nine house lots depicted on the 1962 and 1964 Plans, all of which included twelve deed restrictions.  According to the Stiffs, the twelve deed restrictions included:

1.  No building or other structure shall be erected . . . within fifteen (15) feet of any side lines of the premises ("Restriction 1");[1] and

2.  No building shall be constructed or erected on the premises other than a one-family dwelling with private garage and boathouse for private use only . . . . ("Restriction 2").

Hill leased out and eventually conveyed the seven lots at the south end of the 1963 plan.  For a time, these seven lots were known as "Hills Half Acres" and were marked with a sign stating the same until Hill recorded his twelve-lot 1963 Plan and the sign was removed.  In 1967, PLS conveyed its unsold lots from the 1962 and 1964 Plans back to Hill.  Hill—and eventually his widow—sold the remainder of the lots on the 1962 and 1964 Plans in addition to the five remaining lots on the 1963 Plan.

[¶4]  The Stiffs own most of what is depicted as Lot 68 on the 1963 Plan as well as additional land to the east.  The Joneses own an adjacent lot that is most of Lot 69 on the 1963 Plan as well as additional land to the east.  The Stiffs' and the Joneses' parcels were both originally conveyed by Hill to different parties on August 16, 1969, with twelve deed restrictions, including Restrictions 1 and 2.  The Joneses' deed states, "This deed is subject to the restrictions and limitations contained in a Warranty Deed to Gavin L.

---

[1] Restriction 1 as quoted in the Stiffs' pleadings differs slightly from the summary judgment record and the restriction in the deeds for the lots at issue which states, "No building or structure shall be erected . . . within fifteen feet (15') of any of the side lines of said premises . . . ."

4

MacKnight dated August 16, 1969 and recorded in the Kennebec County Registry of Deeds in Book 1501, Page 871."

[¶5]    From 2017 to 2018, the Joneses constructed a two-story free-standing building on their lot.  The Stiffs assert, and the Joneses deny, that this new two-story structure is a second free-standing one-family dwelling in violation of Restriction 2.  After the Joneses finished construction, both the Joneses and the Stiffs commissioned surveys of their land that, while not aligning, each determined that the new two-story building on the Joneses' lot is within fifteen feet of the side lines of the premises.

[¶6]  On October 8, 2019, the Stiffs filed a complaint against the Joneses in the Superior Court alleging violation of common restrictions subject to the doctrine of implied restrictive covenants[2] (Count 1) and seeking a declaratory judgment on the disputed property line between the Stiffs' and the Joneses' lots (Count 2).  On December 2, 2019, the Joneses filed an answer denying they had

---

[2]   The doctrine of implied restrictive covenants is also known as the "common scheme of development" doctrine. *Tisdale v. Buch,* 2013 ME 95, ¶ 13, 81 A.3d 377*. "*We have acknowledged, but never expressly adopted, the common scheme of development doctrine . . . ." *Id; see also Thompson v. Pendleton,* 1997 ME 127, ¶ 11 n.2, 697 A.2d 56; *3 W Partners v. Bridges,* 651 A.2d 387, 389 (Me. 1994); *Olson v. Albert,* 523 A.2d 585, 588 (Me. 1987); *Chase v. Burrell,* 474 A.2d 180, 181-82 (Me. 1984).  A factual finding that a common scheme of development exists would be a prerequisite to an action seeking to enforce a deed restriction because the reciprocal servitudes arising from the common scheme provide a party standing to challenge a property owner's alleged violation.  *See* Restatement (Third) of Servitudes § 2.14 (Am. L. Inst. 2000).  Because of the interlocutory nature of this appeal, we express no opinion regarding the viability or applicability of the common scheme of development doctrine.

violated any restrictions and counterclaiming for a declaration of a boundary line with the Stiffs (Counterclaim 1); trespass (Counterclaim 2); and nuisance (Counterclaim 3). The Stiffs and the Joneses filed cross-motions for partial summary judgment on Count 1 of the Stiffs' complaint.[3] The Stiffs' pleadings put forth at least three configurations for their common scheme of development theory: a seventy-one-lot theory, a twelve-lot theory, and a five-lot theory. The Joneses' motion for partial summary judgment argued that only the twelve lots on the 1963 Plan could be considered because they were the only lots that shared Hill as their common owner.

[¶7] Following oral arguments on the parties' cross-motions and the court's in-person view of the properties, on March 12, 2021, the court denied the Stiffs' motion for partial summary judgment because "there are disputed issues of material fact as to [the Stiffs'] claim that Edmund Hill and PLS 'worked together' to create a single, large common scheme of development encompassing all [seventy-one] lots within the 1962, 1963, and 1964 Plans." The court granted the Joneses' motion for partial summary judgment on

---

[3] Although the parties' respective statements of material fact and opposing statements did not comply with M.R. Civ. P. 56(h), the court did not indicate whether it deemed any of the Stiffs' facts admitted as a result of the Joneses' failure to properly controvert them pursuant to M.R. Civ. P. 56(h)(4) or that any of the Stiffs' facts were not admitted for lack of appropriate record citations. *See Cach, LLC v. Kulas,* 2011 ME 70, ¶ 9, 21 A.3d 1015.

Count 1 of the Stiffs' complaint as the court found that five to seven deeds out of twelve from the 1963 Plan did not constitute the "vast majority" that the Stiffs were required to show as an element of a common scheme of development and thus they could not support their claim. On April 8, 2021, the Stiffs filed a motion requesting that the court amend its March 12, 2021, order by certifying it as a final judgment. Following an unrecorded telephone conference, on April 16, 2021, the court issued a written order granting the Stiffs' motion and directing the entry of a final judgment in favor of the Joneses on Count 1 of the complaint. *See* M.R. Civ. P. 54(b)(1). The Stiffs' additional claim and the Joneses' three counterclaims remain pending. The Stiffs timely appealed.

## II. DISCUSSION

### A.    Certification of Partial Summary Judgment

[¶8]   As a threshold question, we must first determine if this appeal is proper because it is not taken from a final judgment that disposes of all claims against all parties. *See Corinth Pellets, LLC v. Arch Specialty Ins. Co.*, 2021 ME 10, ¶ 12, 246 A.3d 586. In relevant part, M.R. Civ. P. 54(b)(1) states that "when more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, . . . the court may direct the

entry of a final judgment as to one or more but fewer than all of the claims." We recently expounded on this exception to the final judgment rule, stating:

> Rule 54(b) of the Maine Rules of Civil Procedure creates a limited exception to the strong policy against piecemeal review of litigation. In limited instances, when the resolution of one part of an action may be dispositive of the remaining unresolved components of the action, the parties may seek appellate review of one component alone by obtaining a certification of final judgment pursuant to M.R. Civ. P. 54(b)(1). In its certification, the trial court must make specific findings and a reasoned statement explaining the basis for its certification under M.R. Civ. P. 54(b)(1).

*Corinth Pellets, LLC*, 2021 ME 10, ¶ 12, 246 A.3d 586 (citations and quotation marks omitted). We have previously set out factors for the trial court to consider before certifying a partial final judgment. *See Chase Home Fin. LLC v. Higgins*, 2008 ME 96, ¶ 10, 953 A.2d 1131. We consider similar factors before deciding whether to review the judgment. *See McClare v. Rocha,* 2014 ME 4, ¶¶ 8, 8 n.1, 86 A.3d 22; *Kittery Point Partners, LLC v. Bayview Loan Servicing, LLC,* 2018 ME 35, ¶ 8 n.4, 180 A.3d 1091; *Guidi v. Town of Turner*, 2004 ME 42, ¶¶ 10, 12, 845 A.2d 1189. We review the trial court's grant of a M.R. Civ. P. 54(b)(1) certification for abuse of discretion "but do not simply accept the trial court's determination; there must be a valid justification for the determination." *McClare,* 2014 ME 4, ¶ 8, 86 A.3d 22.

[¶9]  When evaluating the Joneses' cross-motion for summary judgment, the court unequivocally rejected the Stiffs' twelve-lot theory.  If the issue presented to the court were based only upon the twelve-lot configuration, the court's subsequent certification would have been a full and final resolution of Count 1 of the Stiffs' complaint. However, the Stiffs' pleadings advanced several independent theories under Count 1—such as a seventy-one-lot theory[4] and a five-lot theory—that if accepted by the court might result in a verdict for the Stiffs even though their twelve-lot theory failed.  The fact that the court did not mention the alternative theories in its order might lead to an inference that the court rejected them.  However, that is an inference we cannot make on this record.

[¶10]  In this unique circumstance, although the court determined that summary judgment was appropriate on the Stiffs' twelve-lot theory, viable factual configurations that might satisfy the common scheme of development doctrine remained unresolved by the court.  Considering the facts and

---

[4] The court's order denying the Stiffs' motion for summary judgment found that a genuine issue of material fact existed concerning the seventy-one-lot theory.  Additionally, if the Joneses did properly deny the Stiffs' statement that a smaller common scheme of development was created among only five lots in the 1963 Plan, that denial would evidence a genuine dispute of a material fact and summary judgment in favor of the Joneses would still be improper. *Tisdale*, 2013 ME 95, ¶ 13, 81 A.3d 377 (explaining that the determination of whether a lot is part of a common scheme of development is a factual finding).

circumstances of the case, the court's certification of a partial final judgment was based on the flawed premise that the partial summary judgment entered in favor of the Joneses could produce a full and final resolution of Count 1 of the Stiffs' complaint. *See Sager v. Town of Bowdoinham,* 2004 ME 40, ¶ 11, 845 A.2d 567. We therefore must dismiss the appeal.

The entry is:

> Appeal dismissed. Remanded for further proceedings consistent with this opinion.

———————————

Chris Neagle, Esq. (orally), Neagle Law LLC, Cumberland, for appellants Geoffrey S. Stiff and Carolyn B. Stiff

Judy A.S. Metcalf, Esq. (orally), Eaton Peabody, Brunswick, for appellees Stephen C. Jones and Jody C. Jones

Kennebec County Superior Court docket number RE-2019-57
FOR CLERK REFERENCE ONLY