MAINE SUPREME JUDICIAL COURT                      Reporter of Decisions
Decision:      2023 ME 42
Docket:        Lin-22-85
Argued:        October 6, 2022
Decided:       August 1, 2023

Panel:         STANFILL, C.J., and MEAD, HORTON, and CONNORS, JJ., and HJELM, A.R.J.

MICHAEL ZANI et al.

v.

MEDORA ZANI et al.

MEAD, J.

[¶1] In this action related to their mother's estate, Michael Zani and Peter Zani (the Zanis) appeal from a grant of summary judgment entered by the Superior Court (Lincoln County, *Billings, J.*). In its order, the court entered a judgment against the Zanis both on their claim for a declaratory judgment that their mother lacked testamentary capacity when she executed a will, and on their fraud claim against defendant Kathryn Read based on Read's attestation that the mother had such capacity at that time. On appeal, the Zanis contend that the court erred in determining there was no dispute of material fact concerning either claim. Because we conclude the claim for declaratory judgment was not properly before the Superior Court but rather was within the Probate Court's exclusive jurisdiction, we vacate that part of the judgment and

2

remand for dismissal of that claim.  We affirm the judgment on the fraud claim against Read.

## I.  BACKGROUND

[¶2]  Patricia Spofford executed a last will and testament on March 1, 2018 (the 2018 Will).  On June 7, 2020, Spofford died, and Spofford's personal representative, Philip Cohen, Esq., submitted the 2018 Will for informal probate and appointment of personal representative with the Lincoln County Probate Court.  Spofford's sons—the Zanis—received the informal probate notice and, on June 24, 2020, filed a petition for formal probate of a different, holographic will, which they assert was executed around June 4, 2017, and which they claimed was more favorable to them than the 2018 Will.

[¶3]  On July 27, 2020, the Zanis filed suit in the Superior Court against the devisees of the 2018 Will[1] and Kathryn Read, Spofford's caregiver and witness to the 2018 Will signing.  The complaint, in which the Zanis demanded a jury trial, contained four counts: a request for a declaratory judgment that Spofford did not have testamentary capacity when she executed the 2018 Will (Count 1);  wrongful interference with an expectancy by devisee Nancy Carter

---

[1] The devisees are Medora Zani, Nicholas Zani, Adella Zani, Christopher Zani, Todd Elwell, Eric Spofford, Jacqueline Spofford, Nancy Carter, Midcoast Humane, and St. Jude Children's Research Hospital.  Midcoast Humane and St. Jude are the only defendant-devisees participating in this appeal, and Midcoast has joined St. Jude's brief.

(Count 2); a request to have the court impose a constructive trust on Spofford's estate and restore the rights of the Zanis to the estate as they existed prior to the 2018 Will (Count 3); and fraud committed by Read when she swore that Spofford was of sound mind at the time of the 2018 Will execution (Count 4).

[¶4]  On August 25, the Zanis filed a motion to stay the probate case, asserting that because they had demanded a jury trial in the Superior Court, the Probate Court did not have jurisdiction over their claims.  St. Jude Children's Research Hospital (St. Jude) opposed the motion, asserting that the claims in the Superior Court were equitable in nature and that the Zanis were not entitled to a jury trial on them.  St. Jude and Read also asserted, as an affirmative defense, that the Superior Court did not have subject matter jurisdiction.

[¶5]  On September 29, St. Jude and Read filed motions to stay the Superior Court proceedings, asserting that the Probate Court had jurisdiction over the matter because the action was first commenced in the Probate Court and that a statute dictated that that court had the exclusive right to proceed.[2]

---

[2]  This is a reference to 18-C M.R.S. § 1-303 (2023), which provides that "the court in which the [probate] proceeding is first commenced has the exclusive right to proceed" and that if related proceedings are commenced in "more than one court of this State, the court in which the proceeding was first commenced shall continue to hear the matter, and the other courts shall hold the matter in abeyance until the question of venue is decided."  The references to a "court", however, are to one or more *probate* courts.  18-C M.R.S. § 1-201(8) (2023) (defining a "court" to mean "any one of the several courts of probate of this State.").  Therefore, section 1-303 addresses which of multiple probate courts shall hear a case and is inapposite to the situation presented here, which is the allocation of authority between a probate court and the superior court.

4

The Zanis opposed the motions, asserting that the jury trial demand required the case to remain in the Superior Court.

[¶6]  On December 2, the Superior Court denied the motion to stay the proceedings in that court, stating:

> It may well be appropriate for the Probate Court to decide the issue of testamentary capacity before this matter is scheduled for trial and the Probate Court is in the best position to decide whether or not any matters before it should move forward at this time. However, even if the Probate Court matter moves forward, this court sees no advantage for this matter to be stayed and for pre-trial discovery to be delayed because it is quite possible that counts included in the matter before this court will survive action by the Probate Court.

[¶7]  On January 20, 2021, the Probate Court (*Avantaggio, J.*) also denied a motion to stay.  Its order denying the stay required that "all pending matters in [the Probate Court] shall proceed concurrently with [the matter in the Superior Court]" and ordered concurrent discovery and mediation in accordance with the pretrial order of the Superior Court.  Subsequently, discovery was conducted and mediation held in the Superior Court case, and the appointment of personal representatives and the sale of estate assets continued during the course of proceedings in the Probate Court.

[¶8]  In the Superior Court action, St. Jude, Midcoast Humane, and Read moved for summary judgment on Counts 1 and 3, asserting there was no

genuine dispute of material fact regarding whether Spofford had testamentary capacity when she executed the 2018 Will, that there was therefore no basis for imposition of a constructive trust, and that, consequently, they were entitled to judgment as a matter of law. Read also moved for summary judgment on Count 4, asserting that because there was no evidence that Spofford was not of sound mind, there could have been no fraud. On both motions, the court granted summary judgment in favor of the defendants, and the Zanis appealed. We dismissed a previous appeal as premature because Count 2, against Carter, remained outstanding. Order Dismissing Appeal, *Michael Zani v. Medora Zani*, No. Lin-22-52 (Me. Mar. 14, 2022); *see* M.R. Civ. P. 54(b)(1); *Stiff v. Jones*, 2022 ME 9, ¶ 8, 268 A.3d 294. On March 14, 2022, pursuant to M.R. Civ. P. 54(b)(1), the court certified a final partial judgment as to Counts 1, 3, and 4, and the Zanis timely appealed.[3] Count 2 is not before us on this appeal.

## II. DISCUSSION

[¶9] The Zanis argue that the court erred in granting summary judgment on Counts 1 and 3 because there is a factual dispute about Spofford's testamentary capacity, and they are therefore entitled to have a jury make that

---

[3] "To meet the requirements of [Rule 54(b)(1)], the trial court, in certifying [a final] judgment, must expressly determine that there is no just reason for delay." *Mabee v. Nordic Aquafarms Inc.*, 2023 ME 15, ¶ 24, 290 A.3d 79 (quotation marks omitted). In this case, the trial court stated as such and we agree it was reasonable to certify the judgment as final. We therefore accept the appeal.

factual determination. They also argue the court erred in granting summary judgment on Count 4, the fraud claim against Read. We discuss each issue in turn.

## A.   Counts 1 and 3: Spofford's Testamentary Capacity and Constructive Trust

[¶10] The Zanis attempt to frame their declaratory judgment claim as a factual dispute concerning testamentary capacity and not merely a will contest. They argue that because they are not seeking to set aside the 2018 Will, they are entitled to have a jury in the Superior Court, rather than the Probate Court, make a factual determination on testamentary capacity because the issue is not part of the administration of an estate and does not involve any expenditures or distributions from an estate. We disagree with the Zanis' characterization of their claim for declaratory judgment.

[¶11]   Count 1 of the complaint seeks a declaratory judgment that Spofford did not have testamentary capacity and "if [she] did not have testamentary capacity on March 1, 2018, a prior will or Maine's intestacy statutes will govern distribution of the estate assets." The Zanis asked the court in Count 3 to "impose a constructive trust on all estate assets . . . and/or otherwise restore the rights of [the Zanis] to the estate assets as they existed

prior to March 1, 2018." At the time the Zanis filed the complaint in the Superior Court, the Zanis themselves had already filed a petition for formal probate.

[¶12]  Formal probate is "litigation to determine whether a decedent left a valid will." 18-C M.R.S. § 3-401 (2023). "Contestants of a will have the burden of establishing lack of testamentary intent or capacity, undue influence, fraud, duress, mistake or revocation." 18-C M.R.S. § 3-407 (2023). "[T]he [probate] court has jurisdiction over all subject matter relating to . . . [t]he estates of decedents, including the construction of wills and determination of heirs and successors of decedents, and estates of protected persons. . . ."[4] 18-C M.R.S. § 1-302(1)(A) (2023).  "The court has exclusive jurisdiction of formal proceedings to determine how decedents' estates subject to the laws of this State are to be administered, expended and distributed." 18-C M.R.S. § 3-105 (2023).

[¶13]  By asserting they are seeking only a factual determination on testamentary capacity in a declaratory judgment action, the Zanis are, in actuality, attempting to circumvent the operation of the statutes conferring exclusive jurisdiction over that issue in the probate courts.  The Zanis'

---

[4]  Although section 1-302(1)(A) addresses the role of the "court," the probate statute defines "court" to mean "any one of the several courts of probate of this State." 18-C M.R.S. § 1-201(8). *See supra* n.2.

8

argument that their declaratory judgment count is not a will contest is unpersuasive—challenging a testator's testamentary capacity is a quintessential example of a will contest because, if successful, the will would be set aside and the estate would be governed by either a different instrument or by the laws of intestacy. Indeed, in a Probate Court filing on June 24, 2020, the Zanis sought to remove the personal representative of Spofford's estate because the representative was "going to be a witness in a challenge to the validity of the Will admitted to probate and in the civil action that would be filed in this matter." Petition for Removal of Personal Representative at 2, *Estate of Patricia M. Spofford*, Lin. Cnty. Prob. Ct. No. 2020-149 (June 24, 2020). The complaint in the Superior Court clearly seeks to undo the 2018 Will and have Spofford's estate assets distributed through another will or the intestacy statutes.

[¶14]   The Superior Court does not have jurisdiction to issue a declaratory judgment on the question of whether a decedent left a valid will or to determine how a decedent's estate should be distributed.[5] *See* 18-C M.R.S. §§ 3-105, 3-401. As we have held, "the authority to set aside [a] will exists

---

[5] The mere designation of Count 1 as an action seeking a declaratory judgment does not invest the court with the authority to usurp the exclusive jurisdiction of another court. *See* 14 M.R.S. § 5953 (2023) ("Courts of record within their respective jurisdictions shall have power to declare rights, status and other legal relations whether or not further relief is or could be claimed.")

exclusively with the Probate Court," and "the authority to resolve the contest over the distribution of assets under a will rests solely with the Probate Court." *Plimpton v. Gerrard*, 668 A.2d 882, 888 (Me. 1995). Because the Superior Court does not have jurisdiction to determine—as it did—whether the 2018 Will should be set aside or, more generally, whether Spofford left a valid will at all, the summary judgment order must be vacated and the matter remanded for the court to dismiss Count 1 for lack of jurisdiction, thereby allowing the claim to be adjudicated in the Lincoln County Probate Court.

[¶15] The Zanis also assert that they are entitled to a jury trial on the question of Spofford's testamentary capacity as encompassed within their claim for declaratory judgment and the Superior Court must have jurisdiction for that reason, given that Probate Courts are statutorily precluded from conducting jury proceedings. *See* 18-C M.R.S. § 1-306(1) (2023). We have held there is no constitutional right to a jury trial on a claim involving a will contest because such a claim is equitable and not one of law. *Cyr v. Cote*, 396 A.2d 1013, 1017 (Me. 1979). In *Cyr*, we distinguished between a "will contest" and tort claims, such as wrongful interference with an expected legacy, that may bear on probate issues—the latter implicate the right to a jury trial, while the former

does not.[6] *Id.* at 1017-19; *see also Plimpton*, 668 A.2d at 888 (holding that a will contest is within the exclusive jurisdiction of the probate courts, which means that there is no right to a jury trial on that type of claim). Because there is no right to a jury trial in a will contest, the Zanis' claim for a declaratory judgment does not independently generate a right to a jury trial, which would necessarily trigger the jurisdiction of the Superior Court. *See* 14 M.R.S. § 5961 (2023); M.R. Civ. P. 57.

[¶16] Because the Zanis' Count I declaratory judgment action seeking a determination of testamentary capacity may not proceed in the Superior Court, the Superior Court is likewise without authority to act on the Zanis' claim for imposition of a constructive trust to the extent that the claim is predicated on the declaratory judgment count. Similarly, a constructive trust cannot be predicated on the fraud claim against Read because, as we discuss below, there is no factual basis for the fraud claim to proceed. This is because a constructive trust is a remedy and not a substantive stand-alone claim for relief. *See Francis v. Stinson*, 2000 ME 173, ¶ 32 n.5, 760 A.2d 209. Indeed, the parties acknowledged this in the Superior Court during the proceedings on the motions for summary judgment.

---

[6] Consistent with this jurisprudence, St. Jude and Read agree that the Zanis' tort claims against Read and Carter are properly adjudicated in the Superior Court.

[¶17] In its summary judgment order, the court granted St. Jude's and Read's motions as to Count 3 (constructive trust). That order should be seen as not extending to Count 2, however, because that count asserts a claim against Carter for wrongful interference with an expectancy—a claim which remains pending in the trial court. The Zanis' claim for a constructive trust is therefore not subject to dismissal presently but rather remains outstanding but now only as a function of Count 2. Because a constructive trust over the estate's assets would affect the interests of the devisees, we expect that the devisees, even though they are not direct parties to Count 2, would continue to be granted an opportunity to be heard on the relief sought by the Zanis notwithstanding that the claim affecting them more directly—Count 1—will no longer be part of the Superior Court action.

## B.    Count 4: Fraud

[¶18] We now turn to the grant of summary judgment on Count 4, which alleged that Read committed fraud when she served as a witness to the 2018 Will signing and attested to Spofford's testamentary capacity. "We review a grant of summary judgment de novo and will affirm if the record reflects that there is no genuine issue of material fact, and the movant is entitled to a judgment as a matter of law. Summary judgment is appropriate if the plaintiffs

fail to establish a prima facie case for each element of their cause of action." *Rose v. Parsons*, 2013 ME 77, ¶ 7, 76 A.3d 343 (alterations, citation, and quotation marks omitted).

[¶19] "The elements of fraud are: (1) the making of a false representation; (2) of a material fact; (3) with knowledge of its falsity or in reckless disregard of whether it is true or false; (4) for the purposes of inducing another to act upon it; and (5) justifiable and detrimental reliance by the other." *Harkness v. Fitzgerald*, 1997 ME 207, ¶ 7, 701 A.2d 370. More particularly, the plaintiff must present evidence that, when making the false representation, the actor's purpose was to induce *the plaintiff* to act in reliance on it and that it was *the plaintiff* who justifiably and detrimentally relied on the representation. *In re Boardman*, 2017 ME 131, ¶ 9, 166 A.3d 106.

[¶20] We need not reach the issue of whether the record generated a triable issue of Spofford's testamentary competence because the parties' statements of material fact do not present evidence that the Zanis relied on Read's attestation that Spofford was of sound mind or that Read acted with any intention to induce reliance by the Zanis. In fact, the Zanis have asserted that it was "other people" who relied on Read's assertion that Spofford was of sound mind.

[¶21] Because the Zanis failed to establish a prima facie case for at least one element of their fraud claim, the court correctly entered summary judgment against them and in favor of Read on that count.

The entry is:

> Judgment on Count 1 vacated. Remanded to the Superior Court for dismissal of Count 1 for lack of jurisdiction. Judgment on Count 4 affirmed. Remanded for further proceedings on Count 2 and Count 3.

---

Laura P. Shaw, Esq., and Christopher K. MacLean, Esq. (orally), Dirigo Law Group LLP, Camden, for appellants Michael Zani and Peter Zani

Marie Mueller, Esq. (orally), Verrill Dana LLP, Portland, for appellee Kathryn Read

George T. Dilworth, Esq., and Amy K. Olfene, Esq. (orally), Drummond Woodsum, Portland, for appellee St. Jude Children's Research Hospital

André G. Duchette, Esq., Taylor McCormack & Frame, LLC, Portland, for MidCoast Humane

Lincoln County Superior Court docket number CV-2020-17
FOR CLERK REFERENCE ONLY